844 P.2d 614

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF COCONINO; the Honorable Richard K. Mangum, a judge thereof, Respondent Judge,

Pamela Elaine RYBERG, Real Party in Interest.

No. 1 CA–SA 92–062.

Court of Appeals of Arizona, Division 1, Department A.

June 9, 1992.

Reconsideration Denied July 17, 1992.

Review Denied Feb. 2, 1993.

448

John Verkamp, Coconino County Atty. by Richard W. Waite, Deputy County Atty., Flagstaff, for petitioner.

Aspey, Watkins & Diesel by Louis M. Diesel, Flagstaff, for real party in interest.

## OPINION

TOCI, Judge.

The issue in this case is whether the justice court abused its discretion when it granted defendant's motion to sever the charge of violating Ariz.Rev.Stat.Ann. ("A.R.S.") section 28-692(A)(1) (driving under the influence) from the charge of violating A.R.S. section 28-692(A)(2) (having a blood alcohol concentration ("BAC") of .10 or more within two hours of driving). In order to resolve that issue, we must decide a subordinate issue: Whether the results of a valid intoxilyzer test taken within two hours of driving are admissible to establish both charges without a foundation relating the BAC at the time of the test back to the BAC at the time of the traffic stop. Because we conclude that properly administered intoxilyzer test results indicating the BAC are admissible on both charges without relation-back testimony, the justice of the peace abused his discretion when he granted the severance.

### FACTS AND PROCEDURAL HISTORY

We assume the following facts to be true for the purpose of deciding this matter. On October 13, 1991, a police officer stopped Pamela Elaine Ryberg ("defendant") because the car she was driving was weaving back and forth across the center line of U.S. Highway 89. The Coconino County sheriff's deputy who stopped the car smelled the odor of alcohol. He requested that defendant step out of the car. Because the defendant staggered as she walked, the deputy administered field-sobriety tests, which the defendant failed. Defendant then admitted to consuming four beers and feeling a "little buzz." The deputy arrested the defendant, drove her to the Coconino County Jail, and gave her Miranda,[1] Baca,[2] and implied consent

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Baca v. Smith, 124 Ariz. 353, 604 P.2d 617 (1979).

warnings. The defendant voluntarily took an Intoxilyzer 5000 breath test about one hour after the initial stop. Her BAC was .169.

Based on the above information, the state charged the defendant with violations of A.R.S. sections 28–692(A)(1) (driving under the influence) and 28–692(A)(2) (having a BAC of .10 or more within two hours of driving). The justice court granted defendant's motion to sever the two charges. Ariz.R.Crim.P. 13.4. The state attacked the justice court's ruling by special action, which the Coconino County Superior Court denied. Finally, the state filed this petition for special action, alleging that the justice court's severance was arbitrary and capricious or an abuse of discretion. We accept special action jurisdiction because this case presents a question of law of statewide importance and because the state has no equally plain, speedy, and adequate remedy by appeal. Rules 1 and 3, Arizona Rules of Procedure for Special Actions; *State ex rel. Collins v. Superior Ct. In and For the County of Maricopa,* 161 Ariz. 392, 778 P.2d 1288 (App.1989) (special action jurisdiction exercised to determine whether defendant charged with aggravated DUI is entitled to bifurcated grand jury proceeding).

### DISCUSSION

■ Rule 13.4, Arizona Rules of Criminal Procedure, permits severance of two or more offenses joined for trial when it "is necessary to promote a fair determination of the guilt or innocence of any defendant of the offense...." The trial court's decision to grant or deny a motion to sever is within its sound discretion and will be reversed only if that discretion has been abused. *State v. Cruz,* 137 Ariz. 541, 543–44, 672 P.2d 470, 472–73 (1983).

Although defendant concedes that the results of a valid intoxilyzer test may be admissible without relation-back testimony to establish a charge of having a BAC of .10 or more within two hours of driving, she argues that without relation-back testimony such results are inadmissible to establish the charge of driving under the

influence. Consequently, the defendant claims if both charges are tried to the same jury, she will be unfairly prejudiced on the charge of driving under the influence because the state will introduce in evidence the intoxilyzer results on the charge of having a BAC of .10 within two hours of driving. The defendant claims a severance is necessary to fairly determine her guilt or innocence on the driving under the influence charge.

■ We observe first that the defendant has made no showing that she has reason to believe the state will fail or refuse to present foundational testimony that relates the BAC at the time of the intoxilyzer test back to the BAC at the time of the traffic stop. If the state presents such relation-back testimony in connection with a properly administered intoxilyzer test, it is indisputable that the results are admissible to establish a violation of both sections 28–692(A)(1) and 28–692(A)(2). The grant of a severance under such circumstances would be inappropriate. However, because this is a matter of statewide concern, we assume there will be an absence of relation-back testimony on both offenses, and address the issue of whether a severance should have been granted under those circumstances.

■ Our supreme court has held that valid intoxilyzer results that indicate the *presence* of alcohol are admissible "without a foundation relating the BAC back to the time of the arrest" as to both driving under the influence and driving with a BAC of .10 or more at the time of the offense. *Desmond v. Superior Ct.,* 161 Ariz. 522, 527, 779 P.2d 1261, 1266 (1989). *Desmond* tells us that it is only when the proponent of valid intoxilyzer results offers the specific blood alcohol percentage in evidence or seeks the benefit of the statutory presumption contained in A.R.S. section 28–692(E)(3) (BAC of .10 or more gives rise to a presumption of intoxication) that relation-back testimony is required. 161 Ariz. at 528, 779 P.2d at 1267. Thus, *Desmond* clearly refutes the defendant's argument that on a charge of driving under the influence the trial court must, in absence of

**450**

relation-back testimony, exclude from evidence otherwise valid intoxilyzer results indicating the *presence* of alcohol in defendant's blood. *Cf. State v. Riddel*, 169 Ariz. 117, 817 P.2d 62 (App.1991).

■ Furthermore, the legislature amended A.R.S. section 28–692. Section 28–692(A)(1), which formerly punished driving under the influence, now punishes driving under the influence *when impaired to the slightest degree.* Section 28–692(A)(2), which formerly punished driving with a BAC of .10 or more at the time of driving, now punishes those having a BAC of .10 or more *within two hours of driving.* The statutory changes appear to be the legislature's effort to respond to *Desmond* in a manner which facilitates convictions of those charged with a violation of A.R.S. section 28–692. The amendment to A.R.S. section 28–692(A)(2) abrogates the *Desmond* holding that in a prosecution under that subparagraph, relation-back testimony is a necessary predicate to the admission of a specific blood alcohol percentage. Thus, on a charge of violating A.R.S. section 28–692(A)(2) as amended, the trial judge must now admit in evidence, without relation-back testimony, a valid BAC reading of .10 or more taken within two hours of driving.

■ We conclude that the admission of a defendant's specific blood alcohol percentage to establish a violation of A.R.S. section 28–692(A)(2) will not unfairly prejudice the defendant on the charge of violating A.R.S. section 28–692(A)(1) (driving under the influence). As discussed above, prior to the amendment of A.R.S. section 28–692, our supreme court held in *Desmond* that the intoxilyzer results indicating the *presence* of alcohol in a defendant's blood were admissible without relation-back testimony in an A.R.S. section 28–692(A)(1) prosecution.

Under the current statute, the state must prove only that a defendant is impaired *to the slightest degree. See* A.R.S. § 28–692(A)(1). In determining whether a defendant charged with a violation of driving under the influence is impaired to the slightest degree, it should make little difference whether a jury considers the specific BAC indicated by the intoxilyzer results or the fact that the intoxilyzer results indicate the presence of alcohol in the defendant's blood.

Any potential misunderstanding the jury may have on this point can be cured with a cautionary instruction. In absence of relation-back testimony, the judge can instruct the jury that, as to the charge of driving under the influence, it may only consider the BAC as evidence indicating the presence of alcohol in the defendant's blood. Furthermore, in the absence of relation-back testimony, the state will be denied the benefit of any presumption that the defendant was driving under the influence.

We hold that it was not necessary to sever the charges for a fair determination of defendant's guilt or innocence on either charge. We remand to the justice court for trial on the consolidated charges.

GRANT, P.J., and LANKFORD, J., concur.