908 P.2d 8

**The STATE of Arizona, Appellee,**

v.

**Kenneth Earl SWANSON, Appellant.**

No. 2 CA–CR 94–0586.

Court of Appeals of Arizona,
Division 2, Department A.

Aug. 8, 1995.

Review Denied Dec. 19, 1995.

---

Grant Woods, Atty. Gen. by Paul J. McMurdie and Randall M. Howe, Phoenix, for appellee.

Ibáñez & Wilkinson by Rose Marie Ibáñez, Tucson, for appellant.

*OPINION*

LIVERMORE, Presiding Judge.

Defendant was charged with driving under the influence, driving with an alcohol concentration of .10 or more within two hours of driving, and two counts of reckless child abuse. He was found guilty of DUI[1] and two counts of the lesser included offense of negligent child abuse. The trial court placed him on two years' probation and ordered that he serve six days in jail and perform 40 hours of community service. This appeal raises two issues; we affirm on the first and reverse on the second.

■ Defendant argues first that it is inconsistent, and therefore reversible error, for the court to give the statutory instruction pursuant to A.R.S. § 28–692(E), presuming intoxication from blood alcohol readings within two hours of driving, when there exists evidence for the affirmative defense under § 28–692(B). Section 692(B) provides that if a defendant offers credible evidence that his blood alcohol at the time of driving was below .10, then the state to prove guilt must establish that the blood alcohol reading at the time of driving exceeded .10. There is nothing inconsistent in making blood alcohol at the time of driving the element of one offense and making a blood alcohol reading within two hours of driving probative of impairment at the time of driving. Assuming an alcohol concentration below .10 at the time of driving, one may still be impaired and guilty of driving under the influence.

■ Defendant next argues that the trial court should have granted his Rule 20, Ariz.R.Crim.P., 17 A.R.S., motion for acquittal on the child abuse charges. We agree. The state charged that the defendant committed child abuse by driving in an impaired condition with two children in the car. That offense requires proof that defendant had care or custody of the children and that he negligently or recklessly placed them in a situation where their health or safety was endangered. A.R.S. § 13–3623(C). "Custody" is defined in A.R.S. § 8–101(5) as

---

1. The jury was unable to reach a verdict on driving with an alcohol concentration in excess of .10 and that charge was dismissed.

a status embodying all of the following rights and responsibilities:

a) The right to have the physical possession of the child.

b) The right and the duty to protect, train and discipline the child.

c) The responsibility to provide the child with food, shelter, education and ordinary medical care, and the authority to consent to surgery or other extraordinary medical care in an emergency.

"Care," in our view, implies more than the general duty of care owed to anyone who may be injured by one's negligence. It implies the voluntary assumption of a special responsibility for the child, usually for a limited period. There is no evidence of such an assumption here. The record establishes that defendant's sole connection with the children was that one of them was the child of his girlfriend, also a passenger in the car, with whom he was living at the time of his arrest, and the other was a friend of that child. There was no evidence of his having supplied either child with food, shelter, medical needs, discipline, supervision, or the like. Having control of a car in which children and the person having responsibility for them are passengers does not establish having "care" of the children. Nor does the fact that the mother allowed the children to ride with her in the car establish that she relinquished "care" of the children to the defendant. Lacking evidence that he had care or custody of the children, the defendant cannot be found guilty of the child abuse charged.

The DUI conviction is affirmed, the child abuse convictions are reversed, and the matter is remanded for resentencing.

FERNANDEZ and PELANDER, JJ., concur.