914 P.2d 1311

**The STATE of Arizona, Appellee,**

v.

**Douglas Keith GALLOW, Appellant.**

No. 2 CA–CR 94–0433.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 10, 1995.

Review Denied April 23, 1996.

Reconsideration Granted May 29, 1996.

Grant Woods, Attorney General by Paul J. McMurdie and Consuelo M. Ohanesian, Phoenix, for Appellee.

Isabel G. Garcia, Pima County Legal Defender by Scott A. Martin, Tucson, for Appellant.

## OPINION

ESPINOSA, Judge.

Appellant Douglas Keith Gallow was convicted following a jury trial of driving under the influence of intoxicating liquor and driving with a blood alcohol concentration (BAC) of .10 or greater within two hours of driving, both committed while his driver's license was revoked. This court issued a memorandum decision on June 29, 1995, reversing one of the convictions and remanding the other for a new trial. The state filed a motion for reconsideration. Upon reconsideration, we vacate our prior decision. Although we reverse the conviction under A.R.S. § 28–692(A)(2) for the reasons stated below, we affirm the conviction under § 28–692(A)(1).

Gallow first argues that the trial court erred in denying his motion for a directed verdict under Ariz.R.Crim.P. 20, 17 A.R.S., made after the state rested and then renewed after the close of evidence, on the ground that the state failed to disprove the affirmative defense to the charge of having a BAC of .10 or more within two hours of driving. We agree.

A.R.S. § 28–692(B) provides in pertinent part as follows:

It is an affirmative defense to a charge of a violation of subsection A, paragraph 2 of this section if the person did not have an alcohol concentration of 0.10 or more at the time of driving or of being in actual physical control of a vehicle. If a defendant produces some credible evidence that his alcohol concentration at the time of driving or being in actual physical control of a vehicle was below 0.10, the state must prove beyond a reasonable doubt that the defendant's alcohol concentration was 0.10 or more at the time of driving or being in actual physical control of a vehicle. . . .

During trial, Gallow obtained the trial court's assurance that sufficient evidence had been elicited, particularly from a criminalist, to justify an affirmative defense instruction. Gallow argues that the burden then shifted to the state to establish beyond a reasonable doubt that his BAC was .10 or more at the time he drove. In its answering brief, the state merely contends that there was enough evidence to withstand a Rule 20 motion.

The record shows that Gallow raised "some credible evidence" that his BAC was below .10 at the time of driving. He was stopped just after 1:17 a.m. His BAC was .119 at 1:49 a.m. and .136 at 1:55 a.m. The state's criminalist testified that to yield the lower of the two BAC results (.119), an average male weighing 145 pounds would have to drink a minimum of four and two-thirds standard drinks, with one drink defined as a twelve-ounce can of four percent beer. The criminalist did not specify a period of time during which the drinks had to be ingested, and she testified about the numerous variables that affect the absorption of alcohol in general.

Gallow admitted that he had drunk four to five beers during the evening but testified that he consumed the last two beers within an hour before he was stopped. On cross-examination, defense counsel asked the criminalist to assume that the 145-pound person with a BAC of .119 had drunk two drinks. He then asked, "[h]ow much of an [e]ffect

would two drinks have on the eventual B.A.C. that you see, a .119...." Although the question was somewhat unclear, taken in context, defense counsel was attempting to establish that if some of the alcohol were still in appellant's stomach, that is, if it had not been completely absorbed at the time he was stopped, his BAC would have been significantly lower. The criminalist responded: "The maximum [e]ffect these two drinks would have—and this assumes very quick absorption and full response so that they get the maximum [e]ffect of the alcohol; there is no elimination or anything like that going on—it would be .05." Then she subtracted this amount from the .119, yielding .069. She also factored in an error ratio of ten percent, which could have reduced the number to .057. Notwithstanding all the absorption variables, the criminalist stated that it was possible that Gallow's BAC was at its highest when he tested, and that, when he was stopped, it was as low as .05. She concluded that "he could be lower than .1 depending on how much alcohol was still in his stomach unabsorbed."

We believe this was "some credible evidence" that Gallow's BAC was below .10 at the time of driving. Because he raised the affirmative defense, the state was then required to show beyond a reasonable doubt that his BAC at the time of driving was .10 or above. *See State ex rel. McDougall v. Superior Court,* 179 Ariz. 295, 877 P.2d 1351 (App.1994). This it did not do. The criminalist testified that she could not state beyond a reasonable doubt whether Gallow had absorbed all the alcohol. Given this testimony, her discussion of all the factors that affect the BAC, and the absence of evidence from which the jury could infer the actual BAC, we conclude that the state failed to prove beyond a reasonable doubt that Gallow's BAC was .10 or greater at the time of driving. *See generally State v. Mathers,* 165 Ariz. 64, 796 P.2d 866 (1990) (defendant entitled to acquittal absent substantial evidence to warrant conviction). *See also Fuenning v. Superior Court,* 139 Ariz. 590, 680 P.2d 121 (1983) (defendant entitled to acquittal on charge of driving with a BAC of .10 or more when no admissible evidence of his BAC).

Gallow was thus entitled to a directed verdict on this charge.

Gallow also argues, citing *Desmond v. Superior Court,* 161 Ariz. 522, 779 P.2d 1261 (1989), that because there was no relation-back testimony, the state was not entitled to the instruction on the presumptions created by blood alcohol concentration under § 28–692(E). We disagree. *Desmond* is no longer applicable given the amendments to the DUI statutes. A.R.S. § 28–692(E) provides that the presumptions arise if a person has the specified BAC readings "within two hours of the time of driving or being in actual physical control" of a vehicle. Nothing in the statute requires the introduction of evidence relating the BAC results back to the time of driving. Nor is there such a requirement because Gallow raised sufficient evidence for the affirmative defense to § 28–692(A)(2) provided under § 28–692(B). We rejected a substantially similar argument in *State v. Swanson,* 184 Ariz. 194, 908 P.2d 8 (Ct.App. 1995), stating:

> There is nothing inconsistent in making blood alcohol at the time of driving the element of one offense [which occurs when there is enough evidence for the affirmative defense] and making a blood alcohol reading within two hours of driving probative of impairment at the time of driving. Assuming an alcohol concentration below .10 at the time of driving, one may still be impaired and guilty of driving under the influence.

Thus, while Gallow's BAC within two hours of driving was probative evidence that he was impaired, the state still had to establish, and the jury still had to find, that he was "impaired to the slightest degree." A.R.S. § 28–692(A)(1). Accordingly, we conclude that the trial court did not err in giving the presumption instruction without relation-back testimony. To the extent that our conclusion is inconsistent with dicta in *State v. Superior Court,* 173 Ariz. 447, 844 P.2d 614 (App.1992), which was decided by Division One of this court, we disagree with that decision.

This court's June 29, 1995 memorandum decision is vacated. Gallow's conviction under A.R.S. § 28–692(A)(2) is reversed; the conviction under subsection (A)(1), and the

sentence imposed on that conviction, however, are affirmed.

DRUKE, C.J., and HATHAWAY, J., concur.