958 P.2d 452

**STATE of Arizona, Appellee,**

v.

**Ronald H. GUERRA, Appellant.**

**No. 1 CA–CR 97–0273.**

Court of Appeals of Arizona,
Division 1, Department D.

April 30, 1998.

512

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and Randall M. Howe, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy County Public Defender, Phoenix, for Appellant.

VOSS, Judge.

¶1    Appellant Ronald H. Guerra (defendant) appeals from his convictions for aggravated driving under the influence (DUI) and aggravated driving with an alcohol concentration of .10 percent or more within 2 hours of driving, and from the sentences imposed.

## PROCEDURAL HISTORY

¶2    At approximately 9:40 p.m. on December 29, 1995, while on patrol as part of a DUI task force, DPS Officer Knutson observed defendant driving a pickup truck with one headlight out.  Shortly thereafter, defendant abruptly crossed three lanes of traffic and pulled into a parking lot.  Knutson followed and pulled in behind defendant.  Defendant told Knutson that he had a headlight out, and walked toward the front of the pickup.  At this time, Knutson noticed a strong odor of alcohol on defendant's breath.  Defendant performed poorly on field sobriety tests, and was placed under arrest.  An intoxilyzer test conducted at 10:26 p.m. showed defendant's alcohol concentration at .135, with a second reading at 10:33 at .148.  A records check revealed that defendant's driver's license had been revoked on September 16, 1993.

¶3    Defendant was indicted on one count of aggravated DUI and one count of aggravated driving with an alcohol concentration of .10 or more within two hours of driving. Ariz.Rev.Stat. Ann. (A.R.S.) §§ 28–692(A)(1), (A)(2) [1];  A.R.S.  § 28–697(A)(1).[2]    A jury found defendant guilty of both charges.

1.  A.R.S. § 28–692(A) provides:
    It is unlawful for any person to drive or be in actual physical control of any vehicle within this state under any of the following circumstances:
    1.  While under the influence of intoxicating liquor ... if the person is impaired to the slightest degree.

    2.  If the person has an alcohol concentration of 0.10 or more within two hours of driving or being in actual physical control of the vehicle.

2.  These sections were amended and renumbered as A.R.S. §§ 28–1381 and 28–1383 effective October 1, 1997.

## DISCUSSION

### I. Relation–Back Evidence

¶ 4  Defendant argues that the trial court erred in instructing the jury on the statutory presumption of intoxication, set forth at A.R.S. § 28–692(E), without evidence relating his alcohol concentration back to the time of driving. *Desmond v. Superior Court,* 161 Ariz. 522, 528, 779 P.2d 1261, 1267 (1989) (construing former versions of both A.R.S. §§ 28–692(A) and (E), and holding that, in order for the jury to be instructed on the subsection (E) presumption, "there must be testimony relating the [alcohol concentration] back to the time of the arrest").

A.R.S. § 28–692(E) provides:

In any trial, action or proceeding for a violation of this section ..., if the defendant's alcohol concentration within two hours of the time of driving or being in actual physical control as shown by analysis of the defendant's blood, breath or other bodily substance *gives rise to the following presumptions:*

\*    \*    \*    \*    \*    \*

3.  If there was at that time 0.10 or more alcohol concentration in the defendant's blood, breath or other bodily substance, *it may be presumed that the defendant was under the influence of intoxicating liquor.*

(Emphasis added.)

### A.  A.R.S. § 28–692(A)(2)

■ ¶ 5  Initially, we must address a misconception under which both parties appear to be laboring.  The subsection (E) presumption that defendant was "under the influence of intoxicating liquor" was not given on the (A)(2) charge of driving with an alcohol concentration of .10 or more.  *Desmond* recognized that the subsection (E) presumption applies only to the charge of DUI. 161 Ariz. at 528, 779 P.2d at 1267.  When the *Desmond* court discussed the relation-back re-

quirement with regard to the charge of driving with an alcohol concentration of .10 or more, that statute read:

B.  It is unlawful ... for any person to drive or be in actual physical control of any vehicle within this state while there is 0.10 or more alcohol concentration in the person's blood or breath at the time of the alleged offense.

*Desmond* held that, in order to make a *prima facie* case under this subsection by introduction of a specific alcohol concentration, evidence relating the concentration back to the time of the arrest was required.  161 Ariz. at 529, 779 P.2d at 1268.

¶ 6  The legislature since amended then subsection (B).  The current version, A.R.S. § 28–692(A)(2), now punishes those having an alcohol concentration of .10 or more within two hours of driving.  In *State v. Superior Court,* 173 Ariz. 447, 844 P.2d 614 (App. 1992), this court held that this statutory amendment *did* abrogate *Desmond* with regard to the charge of violating subsection (A)(2).  "Thus, on a charge of violating A.R.S. section 28–692(A)(2) as amended, the trial judge must now admit in evidence, without relation-back testimony, a valid BAC reading of .10 or more taken within two hours of driving." *Id.* at 450, 844 P. 2d at 617.[3]

¶ 7  Accordingly, with regard to the charge that defendant violated subsection (A)(2), we find that defendant's specific alcohol concentration was properly admitted absent relation-back evidence.  The "under the influence" presumption of subsection (E) was not given the jury on this charge, such a presumption having no relevance to defendant's alcohol concentration within two hours of driving.

### B.  A.R.S. § 28–692(A)(1)

■ ¶ 8  At the time the *Desmond* court held that relation-back evidence was required in order for the subsection (E) presumption to apply, then A.R.S. § 28–692(A) provided:

A.  It is unlawful ... for any person who is under the influence of intoxicating

---

3.  *Cf. State v. Superior Court,* 187 Ariz. 440, 930 P.2d 517 (App.1996) (relation-back evidence still required when blood alcohol test taken after two hours of driving).

liquor to drive or be in actual physical control of any vehicle within this state.

As noted above, § 28–692(A)(1) currently punishes driving under the influence of intoxicating liquor when impaired to the slightest degree. The issue thus remains whether relation-back evidence is still required under *Desmond* after the legislature amended the DUI statute.

¶ 9 Although not squarely faced with this issue, Division One of this court has clearly indicated that relation-back evidence *is* still required for the subsection (E) presumption to be given a jury on a subsection (A)(1) charge. In *State v. Superior Court*, this court addressed whether severance of a subsection (A)(1) charge from a subsection (A)(2) charge was necessary. This court held that, although the defendant's specific alcohol concentration was admissible without relation-back evidence on the (A)(2) charge, this "will not unfairly prejudice the defendant on the charge of violating A.R.S. section 28–692(A)(1) (driving under the influence)." 173 Ariz. at 450, 844 P.2d at 617.

Under the current statute, the state must prove only that a defendant is impaired *to the slightest degree*. *See* A.R.S. § 28–692(A)(1). In determining whether a defendant charged with a violation of driving under the influence is impaired to the slightest degree, it should make little difference whether a jury considers the specific BAC indicated by the intoxilyzer results....

Any potential misunderstanding the jury may have on this point can be cured with a cautionary instruction. In absence of relation-back testimony, the judge can instruct the jury that, as to the charge of driving under the influence, it may only consider the BAC as evidence indicating the presence of alcohol in the defendant's blood. Furthermore, *in the absence of relation-back testimony, the state will be denied the benefit of any presumption that the defendant was driving under the influence.*

*Id.* (first emphasis in original; second emphasis added.)

¶ 10 Division Two, however, has specifically rejected the analysis in *State v. Superior Court*. In *State v. Gallow*, 185 Ariz. 219, 914 P.2d 1311 (App.1995), Division Two held that "*Desmond* is no longer applicable given the amendments to the DUI statutes.... Nothing in [subsection (E)] requires the introduction of evidence relating the BAC results back to the time of driving." *Id.* at 221, 914 P.2d at 1313.

[W]hile [the defendant's] BAC within two hours of driving was probative evidence that he was impaired, the state still had to establish, and the jury still had to find, that he was "impaired to the slightest degree." A.R.S. § 28–692(A)(1). Accordingly, we conclude that the trial court did not err in giving the presumption instruction without relation-back testimony. To the extent that our conclusion is inconsistent with dicta in *State v. Superior Court*, 173 Ariz. 447, 844 P.2d 614 (App.1992), which was decided by Division One of this court, we disagree with that decision.

*Id.*

¶ 11 When *Desmond* was decided, the subsection (E) presumption provided:

E. In the trial of any civil or criminal action or proceeding for violation of subsection A of this section relating to driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor ... the amount of alcohol in the defendant's blood *at the time alleged* ... gives rise to the following presumptions:

\* \* \* \* \* \*

3. If there was *at that time* 0.10 or more alcohol concentration in the defendant's blood or breath, it may be presumed that the defendant was under the influence of intoxicating liquor.

(Emphasis added.) The *Desmond* court found that such a presumption was not unreasonable, "but it must be based on evidence that there was 'at that time' a BAC of 0.10 percent or more." 161 Ariz. at 528, 779 P.2d at 1267.

Subsection (E) now provides:

E. In any trial, action or proceeding for violation of this section ..., if the defendant's alcohol concentration *within two hours of the time of driving* or being in actual physical control ... gives rise to the following presumptions:

\* \* \* \* \* \*

3. If there was *at that time* 0.10 or more alcohol concentration in the defendant's blood, breath or other bodily substance, it may be presumed that the defendant was under the influence of intoxicating liquor.

(Emphasis added.)

¶ 12   Under the former version of subsection (E), "at that time" under subsection (E)(3) referred to "at the time alleged;" under the current version, "at that time" under subsection (E)(3) refers to "within two hours of the time of driving." We believe the legislature intended this amendment to respond to *Desmond* and facilitate the conviction of a defendant charged with a violation of subsection (A)(1). *See State v. Superior Court,* 173 Ariz. at 450, 844 P.2d at 617. If a defendant has an alcohol concentration of .10 or more within two hours of driving, it is reasonable to presume that he was under the influence of intoxicating liquor at the time of driving. As the court in *Gallow* noted, the state still needs to prove that the defendant was "impaired to the slightest degree." A.R.S. § 28–692(A)(1).

¶ 13   We, too, disagree with the dictum in *State v. Superior Court.* As did Division Two in *Gallow,* we hold that relation-back evidence was not required in order for the jury to be instructed on the presumption that defendant was under the influence of intoxicating liquor with regard to the DUI charge.

## II.  "Some Credible Evidence"

■ ¶ 14   As to the charge under subsection (A)(2) that defendant drove with a blood alcohol concentration of .10 or more within two hours of driving, A.R.S. § 28–692(B) provides:

It is an affirmative defense ... if the person did not have an alcohol concentration of 0.10 or more at the time of driving or being in actual physical control of a vehicle. If a defendant produces *some credible evidence* that his alcohol concentration at the time of driving or being in actual physical control of a vehicle was below 0.10, the state must prove beyond a reasonable doubt that the defendant's alcohol concentration was 0.10 or more at the time of driving or being in actual physical control of a vehicle.

(Emphasis added.)

■ ¶ 15   Defendant argues that, because he presented "some credible evidence" that his alcohol concentration was below .10 at the time of driving, it was error for the court to fail to instruct the jury that the state had to prove he had an alcohol concentration of .10 or more at the time of driving, rather than within two hours of driving. Because he failed to request an instruction on this affirmative defense, defendant has waived this issue absent fundamental error. *E.g., State v. West,* 176 Ariz. 432, 444, 862 P.2d 192, 204 (1993).

■ ¶ 16   We agree with the state that, even had defendant requested the instruction, the evidence would not have supported this defense. Without determining what level of evidence would constitute "some credible evidence," we believe it is more than the failure of the defendant to vomit or stagger. *Cf. State v. Gallow,* 185 Ariz. at 220–21, 914 P.2d at 1312–13 (criminalist testified as to possibility that defendant's BAC was at its highest when tested and was as low as .05 when stopped). Because defendant did not present any credible evidence that he did not have an alcohol concentration of .10 or more at the time of driving, it was not error to fail to instruct the jury on the subsection (B) affirmative defense.[4]

There is nothing inconsistent in making blood alcohol at the time of driving the element of one offense and making a blood alcohol reading within two hours of driving probative of impairment at the time of driving. Assuming an alcohol concentration below .10 at the time

4.   Because we find that defendant was not entitled to an instruction under subsection (B), we need not address the issue he raises with regard to the interplay between subsections (B) and (E). We note, however, that this argument was rejected in *State v. Swanson,* 184 Ariz. 194, 908 P.2d 8 (App.1995).

## CONCLUSION

¶ 17 Based on the foregoing, we affirm defendant's convictions and sentences on the charges of violating A.R.S. §§ 28–692(A)(1) and (A)(2).

WEISBERG, P.J., and NOYES, J., concur.

of driving, one may still be impaired and guilty of driving under the influence.