963 P.2d 315

**STATE of Arizona, Appellant,**

v.

**Richard Lee CANNON, Appellee.**

**No. 1 CA–CR 97–0129.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 3, 1998.

Redesignated as Opinion and Publication Ordered July 29, 1998.

F.2d 773 (5th Cir.1988), in his award, he relied primarily on Arizona law to support his decision.

Law Offices of Weingart & Penrod by Martin G. McAuliffe, Tempe, for Appellee.

Richard M. Romley, Maricopa County Attorney by E. Catherine Leisch, Deputy County Attorney, Phoenix, for Appellant.

GARBARINO, Judge.

¶1 The State appeals the trial court's entry of a directed verdict in favor of Richard Lee Cannon (defendant) on one count of aggravated driving with an alcohol concentration of .10 or greater following the jury's determination of guilt. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 On April 14, 1996 at approximately 9:00 p.m., Officers Sam Palmer and Lynette Butcher stopped defendant as he was driving. When they made contact with defendant, Officer Butcher noticed that his eyes were bloodshot and watery, and both officers noticed a strong odor of alcohol coming from him. Defendant told Officer Butcher that he had consumed four beers. Officer Butcher conducted field sobriety tests on defendant, including the horizontal gaze nystagmus (HGN) test, the walk and turn test, and the one-leg stand test. Officer Butcher found all six cues present in the HGN test and observed defendant step out of the appropriate stance, lose his balance while pivoting, and step off of the imaginary line during the walk and turn test. During the one-leg stand test, defendant swayed three to five inches from the center point and failed to follow directions properly.

¶3 Officer Palmer served as a back-up officer. After defendant was given his *Mi-*

*randa*[1] warnings at the police station, Officer Palmer questioned defendant in order to complete an alcohol influence report. Defendant indicated he had consumed approximately three beers, that he began drinking sometime before sundown and stopped drinking thirty minutes later, and that he had last eaten at 2:00 p.m. Officer Palmer did not take part in administering the field sobriety tests.

¶ 4   Defendant's blood alcohol concentration (BAC) was tested at 9:41 p.m. and at 9:48 p.m., resulting in levels of .109 and .097, respectively. Defendant was charged with two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, class four felonies. The State also alleged that defendant's driver's license was suspended at the time of the offenses.

¶ 5   At trial, defendant stipulated to the fact that his driver's license was suspended at the time of the traffic stop. After the State rested, defense counsel moved for a directed verdict pursuant to Rule 20, Arizona Rules of Criminal Procedure. The court denied the motion. Defense counsel called Chester Flaxmayer, a criminalist, and the State called Officer Butcher and criminalist Janet Anderson–Seaquist in rebuttal. After both sides rested, defense counsel renewed the motion for directed verdict, which was again denied.

¶ 6   The jury found defendant not guilty of count one, driving while impaired, guilty of driving while his license was suspended, and guilty of count two, driving with a blood alcohol concentration of .10 or greater while his license was suspended. Defendant renewed his motion for a directed verdict on count two, and the court granted the motion. The State timely appealed.

## ISSUE

Whether the trial court erred by granting defendant's motion for a directed verdict on count two following the jury's determination of guilt.

1.   *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.

## DISCUSSION

¶ 7   Rule 20 of the Arizona Rules of Criminal Procedure provides:

**a.   Before Verdict.** On motion of a defendant or on its own initiative, the court shall enter a judgment of acquittal of one or more offenses charged in an indictment, information or complaint after the evidence on either side is closed, if there is no substantial evidence to warrant a conviction. The court's decision on a defendant's motion shall not be reserved, but shall be made with all possible speed.

**b.   After Verdict.** A motion for judgment of acquittal made before verdict may be renewed by a defendant within 10 days after the verdict was returned.

After trial, a trial court may only redetermine the quantum of evidence if it is satisfied that it erred by considering improper evidence during the trial. *State v. Villarreal,* 136 Ariz. 485, 487, 666 P.2d 1094, 1096 (App. 1983).

To find that the evidence was sufficient before the jury got the case, but not after, can be justified only on the basis of a mistake of law on the part of the court and not fact on the part of the jury. If after verdict of guilt the trial judge grants a motion for acquittal but does not specify in his order the legal basis for his finding "no substantial evidence to warrant a conviction", we must assume on review that he has disagreed with the jury's factfinding and is not now raising some previously undisclosed legal, rather than factual, deficiency. Absent a change in position on prior evidentiary rulings by the trial judge, this is not proper.

*State ex rel. Hyder v. Superior Ct.,* 128 Ariz. 216, 224, 624 P.2d 1264, 1272 (1981) (citation omitted).

¶ 8   On January 31, 1997, the trial court judge granted a directed verdict and stated: "[T]he Court does now consider that it previously considered H.G.N. for improper purposes, that H.G.N. should not have been allowed to quantify the blood alcohol reading of the law." The judge also stated: "I don't think I ruled—as I recollect back on it, I

1602, 16 L.Ed.2d 694 (1966).

don't think I ruled inappropriately on evidentiary issues to be submitted to the jury, but the Court did rule inappropriately on the legal factors involved in deciding the prior Rule 20 motions."

¶ 9 We believe the trial court was referring to the supreme court's holding in *State v. Superior Court (Blake)*, 149 Ariz. 269, 280, 718 P.2d 171, 182 (1986), which states, "[HGN test results are] *not admissible* in any criminal case as direct independent evidence to *quantify* blood alcohol content." Results may be admitted, however, to corroborate or attack the chemical analysis of a defendant's blood alcohol content. *Id.*

¶ 10 The State argues that defendant did not raise the affirmative defense under Arizona Revised Statutes Annotated section 28–692(B) (Supp.1997); therefore, the jury could convict if it found that defendant's BAC level was .10 or higher within two hours of driving. Section 28–692(B) states:

> **B.** It is an affirmative defense to a charge of a violation of subsection A, paragraph 2 of this section if the person did not have an alcohol concentration of 0.10 or more at the time of driving or of being in actual physical control of a vehicle. If a defendant produces some credible evidence that his alcohol concentration at the time of driving or being in actual physical control of a vehicle was below 0.10, the state must prove beyond a reasonable doubt that the defendant's alcohol concentration was 0.10 or more at the time of driving or being in actual physical control of a vehicle.

The trial court presumably found that "some credible evidence" had been elicited during trial to justify the affirmative defense instruction given to the jury. The State did not object to the instruction. In fact, the State agreed at trial that the affirmative defense had been raised.

¶ 11 Mr. Flaxmayer testified that after looking at the Field Sobriety Test Worksheet completed by Officer Butcher, defendant's performance on the one-leg stand test did not indicate impairment. He testified that the observance of six cues during the HGN test indicates a potential BAC level of .05 or

above. He then described the way the body absorbs, distributes, and eliminates alcohol. He testified that on an empty stomach, alcohol is absorbed by the body within fifty minutes. Mr. Flaxmayer concluded that "[b]ased upon the information that is in the police report, including time of the tests, time of driving, and the test results, there is certainly information there to indicate that he could be below .10 at time of driving." Mr. Flaxmayer was unable to perform a proper retrograde extrapolation in this case because he needed to know the time at which defendant consumed his last drink or an estimate of how much alcohol defendant consumed within fifty minutes prior to driving. This information was unknown. He also testified that defendant's ability to keep his foot off the ground during the one-leg stand test for more than twenty-six seconds would indicate that defendant's BAC was possibly under .10.

¶ 12 At one point, the State argued to the court that Mr. Flaxmayer's expert opinion that defendant's BAC level was below .10 at the time of driving was nothing more than a conclusion that anyone could draw, and that his opinion has little or no weight in terms of proof that defendant was below a .10 at the time of driving because neither he nor the State's expert could quantify defendant's BAC level at the time of driving. However, we believe that Mr. Flaxmayer's testimony constituted "some credible evidence" that defendant's BAC level at the time of driving was below .10. Therefore, the State was required to prove beyond a reasonable doubt that defendant's BAC level at the time of driving was .10 or above. *State v. Gallow*, 185 Ariz. 219, 221, 914 P.2d 1311, 1313 (App. 1995).

¶ 13 The State's criminalist was unable to perform a retrograde extrapolation and essentially conceded that she could not rebut the affirmative defense. Therefore, defendant was entitled to a directed verdict on count two. *See id.* After reviewing the record, we find no evidence with which a jury could find that defendant's BAC was .10 or above at the time of driving, although somehow the jury did so. Based on the above analysis, the trial court apparently recognized that it should have granted defendant's

**240**

motion for directed verdict at the conclusion of the evidence. However, because the jury's verdict had already been rendered, the trial court could only acquit if it found it had made an evidentiary error. *See Villarreal,* 136 Ariz. at 487, 666 P.2d at 1096.

¶ 14 The trial court stated that it erred by considering HGN test results as proof of defendant's BAC level. Officer Butcher testified that "[i]f you have four or more clues or cues, there is a certain percent that the person is over a .10." She further testified that in her opinion, her observance of six out of six cues during the HGN test, administered approximately two minutes after the traffic stop, indicated that defendant's BAC at the time of the test was .10. She later testified that she was trained that six cues indicates a BAC level of .06 or higher.

¶ 15 Without a breath test at the time of driving, and without a retrograde extrapolation to determine defendant's BAC level at the time of driving, Officer Butcher's testimony regarding the HGN test was the only evidence the jury could have relied upon to quantify defendant's BAC level at the time of driving. This evidence should not have been admitted as direct, independent evidence to quantify defendant's BAC level. *See State v. Superior Ct. (Blake),* 149 Ariz. at 280, 718 P.2d at 182. Therefore, the trial court correctly entered a directed verdict on count two following the jury's verdict.

¶ 16 The State argues that even if it were to concede that the affirmative defense had been raised, sufficient evidence was presented from which the jurors could conclude that defendant's BAC level was .10 or higher at the time of driving. It argues that the jurors were free to rely on their common sense and life experiences to make this determination. We find this difficult to conceive considering that both experts were unable to perform a retrograde extrapolation of defendant's BAC level and considering that defendant's BAC levels were both above and below .10. Without knowing the time defendant started and stopped drinking, this calculation cannot be made regardless of how much common sense the jurors possessed.

## CONCLUSION

¶ 17 For the foregoing reasons, we affirm the trial court's entry of a directed verdict in favor of defendant as to count two.

SULT, P.J., and KLEINSCHMIDT, J., concur.