978 P.2d 654

**STATE of Arizona, Plaintiff–Appellant,**

**v.**

**Honorable Karyn E. KLAUSNER, Judge of the Phoenix Municipal Court, Defendant Judge–Appellee,**

**Jennifer L. Alger, Defendant and Real Party In Interest–Appellee.**

**No. 1CA–CV97–0379.**

Court of Appeals of Arizona, Division 1, Department E.

Sept. 10, 1998.

Review Denied May 25, 1999.

Roderick G. McDougall, City Attorney by L. Beth Barnes, Assistant City Prosecutor, Phoenix, Attorneys for Plaintiff–Appellant.

James T. Van Bergen, Phoenix, Attorney for Defendant and Real Party in Interest–Appellee.

KLEINSCHMIDT, Judge.

¶ 1 The real party in interest, Jennifer Alger, was stopped by Phoenix police officers after they saw her automobile weaving in its traffic lane. Forty-five minutes after she was stopped, Alger was given a breathalyzer test that registered a blood alcohol concentration (BAC) of .120. A test administered seven minutes later produced a BAC of .119.

¶ 2 Alger was charged with driving under the influence of intoxicating liquor, a violation of Arizona Revised Statutes Annotated ("A.R.S.") section 28–692(A)(1).[1] After Alger's case was set for a jury trial in the Phoenix Municipal Court, the State filed a pretrial motion requesting that the trial court instruct the jury regarding the presumptions contained in A.R.S. section 28–692(E).

¶ 3 An overview of the statutory scheme is necessary to an understanding of the State's motion and how it relates to the case. Arizona Revised Statutes section 28–692 provides in pertinent part:

A. It is unlawful for any person to drive or be in actual physical control of any vehicle within this state under any of the following circumstances:

1. While under the influence of intoxicating liquor ... if the person is impaired to the slightest degree.

2. If the person has an alcohol concentration of 0.10 or more within two hours of driving or being in actual physical control of the vehicle.

. . . .

E. In any trial, action or proceeding for a violation of this section ... the defendant's alcohol concentration *within two hours* of the time of driving or being in actual physical control as shown by analysis of the defendant's blood, breath or other bodily substance gives rise to the following presumptions:

1. If there was at that time 0.05 or less alcohol concentration in the defendant's blood, breath or other bodily substance, it may be presumed that the defendant was not under the influence of intoxicating liquor.

2. If there was at that time in excess of 0.05 but less than 0.10 alcohol concentration in the defendant's blood, breath or other bodily substance, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

3. If there was *at that time* 0.10 or more alcohol concentration in the defendant's blood, breath or other bodily substance, it may be presumed that the defendant was under the influence of intoxicating liquor.

Paragraph 1, 2 or 3 of this subsection shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor.

¶ 4 In support of its motion, the State avowed that the results of Alger's breathalyzer tests would be submitted into evidence. Alger's attorney avowed that he would produce evidence relating the breathalyzer results back to the time of driving, presumably to show that Alger's blood alcohol level at that time was less than 0.10. The city magis-

---

1. A.R.S. § 28–692 has since been renumbered § 28–1381 by 1996 Ariz. Sess. Laws 199 (eff. Oct. 1, 1997) (codified as amended at A.R.S. § 28–1381(1998)).

trate ruled that she would not give an instruction regarding the presumptions, primarily for the following reason:

> The (A)(1) charge, by its definition, deals with the defendant's condition at the time of operation of the vehicle and no time there after. The instruction, however, deals with presumptions that the jury can draw within two hours of that time frame. The case law that seems to address this issue directly, in the court's opinion, was *Desmond.*[2] And while it may be argued that *Desmond* ... is no longer good law ... there is a portion in *Desmond* where the court does discuss the physiological factors, the physical factors associated with alcohol elimination and absorption and the ... nature of that process.... [T]he court in that discussion rejected a case ... called *Logan v. Brown* [151 Ariz. 96, 725 P.2d 1130 (App.1986)] [which held] ... that one could make an assumption that an individual would be higher or at least as high later within two hours or a later time frame from the time of driving. And the Supreme Court in *Desmond* rejected that and said you can't make that assumption, from the strict standpoint of science you can't make that assumption. And so, for the reasons that A) (A)(1) deals with time of driving and not two hours therein [sic] and B) that regardless of the legal aspects of *Desmond,* the laws of physics have not changed to my knowledge, I would reject a presumption instruction.... [M]y focus is strictly a legal one and not whether or not the facts of the case would support ... presumptions because in my opinion it's not an appropriate instruction.

¶ 5 The State obtained a stay of the municipal court proceedings and filed a special action in the superior court challenging the city court's ruling. The superior court denied relief and again stayed the proceedings to allow the State to take this appeal.

¶ 6 We begin with the observation that subsection (E) is not relevant to a charge of having a BAC of 0.10 within two hours of driving under subsection (A)(2) because that provision requires no inference as to whether the defendant is under the influence. The only question is whether subsection (E) can be applied to a charge of driving under the influence as proscribed in subsection (A)(1).

¶ 7 The words in subsections (E)(1), (2), and (3) referring to BAC levels "at that time" refer to the BAC levels at the time the test was taken. *See State v. Guerra,* 191 Ariz. 511, 958 P.2d 452 (App.1998). What the statute does is create a presumption that the defendant is, or is not, under the influence at the time the test was administered. This, the State argues, is probative of whether the Defendant was impaired to the slightest degree at the time of driving.

¶ 8 Alger asserts that the jury should not be instructed on the presumptions because they impermissibly shift the burden of proof, are not rationally related to the fact to be proved, and are confusing. We will address each argument in turn.

## BECAUSE THE PRESUMPTION IS PERMISSIVE AND NOT MANDATORY IT DOES NOT IMPERMISSIBLY SHIFT THE BURDEN OF PROOF

¶ 9 The Defendant cites three cases, *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *Morrison v. California,* 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934), for the proposition that A.R.S. section 28–692(E) violates due process because it shifts the burden of proof regarding an element of the crime by presuming the existence of the element based on the prosecution's proof of the other elements of the crime. From this general proposition, she reasons that the presumption "violates the Defendant's Due Process rights in that it relieves the [S]tate of the burden of proving that the [D]efendant was impaired by alcohol *at the time of driving.*"

¶ 10 There are three problems with the Defendant's argument. First, her assertion that the State does not need to prove that she was impaired at the time of driving is simply incorrect. If the State does not prove

**2.** This cite refers to *Desmond v. Superior Court,* 161 Ariz. 522, 779 P.2d 1261 (1989).

that, the Defendant will be entitled to an acquittal.

¶ 11 Second, presumptions like the ones in issue here have repeatedly been upheld in the face of similar attack. *See State v. Childress*, 78 Ariz. 1, 274 P.2d 333 (1954); *Cacavas v. Bowen*, 168 Ariz. 114, 811 P.2d 366 (App.1991); *State v. Parker*, 136 Ariz. 474, 666 P.2d 1083 (App.1983).

¶ 12 Third, the cases the Defendant cites all deal with mandatory presumptions. Here, the statute, in providing that the finder of fact *may* presume that a defendant is under the influence, creates a permissive presumption, and we assume that trial courts routinely instruct the jury to that effect. For an extensive discussion of the difference between mandatory and permissive presumptions see *State v. Spoon*, 137 Ariz. 105, 669 P.2d 83 (1983).

## THERE IS A RATIONAL CONNECTION BETWEEN THE FACT PROVEN AND THE FACT TO BE PRESUMED

■ ¶ 13 A permissive presumption is constitutional if there is a rational connection between the predicate and the presumed fact. *State v. Spoon*, 137 Ariz. at 110, 669 P.2d at 88. There is a strong presumption that a statute is constitutional, and the party challenging it has the burden of establishing beyond a reasonable doubt that it is invalid. *State v. Padilla*, 169 Ariz. 70, 817 P.2d 15 (App.1991). We will uphold a statute if we can imagine any set of facts which rationally justifies it. *General Motors Corp. v. Arizona Dep't of Revenue*, 189 Ariz. 86, 92–93, 938 P.2d 481, 487–88 (App.1997).

■ ¶ 14 The critical question is this: Does the fact that the Defendant had a BAC reading that indicates she was under the influence at any point in time within two hours of driving tend to prove that she was impaired to the slightest degree at the time she was driving? The Defendant says that it does not. Her argument is based on the scientific fact that a person's BAC changes over time based on a number of variables. Because of that, it is not possible to know exactly what a person's BAC was before the test was taken without evidence to relate the reading back to that earlier time. This was explained and accepted by our supreme court in *Desmond*. In that case, the court considered whether breathalyzer results could be used to bring into play a statutory presumption that a driver was under the influence. The court said:

> Many variables may affect the results of a blood alcohol test including the type of machine used in the test, the weight, sex, and physical condition of the driver, any medication the driver might be taking, how much food is in the driver's stomach at the time of the test (the more food in a driver's stomach, the less alcohol will be absorbed into the blood stream) and how long after driving the test was administered. *See* Dubowski, *Absorption, Distribution and Elimination of Alcohol: Highway Safety Aspects*, J. Stud. on Alcohol, Supp. No. 10 at 98, 99 (July 1985). Of critical importance is whether the BAC was rising or falling at the time of the test which is usually administered about an hour after the driver is stopped and arrested. If the BAC is falling at the time the test is administered, the reading will be less than what the BAC was at the time the driver was stopped. *See* Dubowski, *supra*, at 103–106. If the BAC is rising, the reading will be greater than the BAC at the time the driver is stopped. *Id.* In some instances, the BAC will rise after the driver is stopped, peak and then recede, producing a BAC that is the same as the BAC at the time the driver was stopped. *Id.* at 104. Accordingly, there can be no presumption that a driver's BAC taken at the time he is stopped is as high as his BAC taken an hour later. *Id.* at 106.

161 Ariz. at 527, 779 P.2d at 1266 (footnote omitted).

¶ 15 The court went on to hold:

> We hold that the results of an intoxilyzer test taken within a reasonable time after arrest are relevant and may be admitted into evidence without a foundation relating the BAC back to the time of the arrest. The proper procedure to be followed when a party offers the BAC result into evidence without any relation-back testimony is for

the court to admit the portion of the test result that indicates the presence of alcohol in the blood—but not the percentage—with an instruction pursuant to Rule·105, Arizona Rules of Evidence, that the evidence is admitted for the limited purpose of showing that, at the time of the test, the defendant had alcohol in his blood and that such evidence without more may not be used for the purpose of showing defendant was under the influence or the amount as a percentage of blood alcohol at any specific time.

161 Ariz. at 527–28, 779 P.2d at 1266–67.

■ ¶ 16 We agree with the court's observation in *Guerra* that the legislature adopted A.R.S. section 28–692(E) in response to *Desmond.* Of course, the legislature cannot write *Desmond* out of existence by fiat if in doing so it creates an irrational presumption. A statute which creates a presumption that is arbitrary or that operates to deny a fair opportunity to refute it violates the due process clause of the Fourteenth Amendment. "Mere legislative fiat may not take the place of fact in the determination of issues involving life, liberty, or property." *Childress,* 78 Ariz. at 4–5, 274 P.2d at 335 (quoting *Manley v. Georgia,* 279 U.S. 1, 49 S.Ct. 215, 73 L.Ed. 575 (1929)).

¶ 17 The municipal judge was entirely correct in her observation that the scientific principles and conclusions explained in *Desmond* have not changed. Nor does the State argue that those principles and conclusions are no longer valid. We accept as a fact it is not possible to precisely quantify the alcohol content of a person's blood at the time the person was driving from a sample taken at a later time without evidence to relate the sample back. This does not mean, however, that there is *no* relationship between a BAC reading taken within two hours of driving and whether a person's driving was influenced to the slightest degree by alcohol. In many cases, there will be an obvious relationship. To use an extreme example, a person who has a BAC of .30 ten minutes after driving was certainly heavily under the influence when they were behind the wheel. Surely, this would be true whatever the variables that apply and regardless of whether the

BAC was rising or falling at the time the test was taken.

¶ 18 The fact that the presumptions will bear a stronger relationship to the fact to be proved in some cases than in others does not mean that the jury should not be instructed on the presumptions. It is enough that the Defendant is always free to prove, by relation back, what his BAC was at the time of driving, and will be entitled to the benefit of the presumptions as they apply to that evidence.

## THE DANGER OF CONFUSION IS NOT SO GREAT THAT THE PRESUMPTIONS SHOULD NOT APPLY

■ ¶ 19 The municipal court judge also refused to instruct the jury on the presumptions referred to in the statute because assuming the presumptions were relevant, she found that their probative value was substantially outweighed by the danger of unfair prejudice or confusion. *See* Ariz. R. Evid. 403. The Defendant's argument in support of this conclusion is phrased as follows in her brief. "To instruct a juror that he may presume the defendant is guilty of driving while impaired if the later acquired BAC is a .10% or above within two hours, even when the Defendant produces credible evidence that her BAC was below a .10% at the time of driving, is unfairly prejudicial, and confusing to the jury."

¶ 20 The fact that the statute presents a challenge in drafting jury instructions is no reason to write it out of existence. We believe that jurors can understand that a BAC reading at the time the test is taken may have some bearing on whether a driver was impaired and also understand that evidence of what the BAC actually was at the time of driving is even more relevant. If relation back evidence shows that the BAC at the time of driving was, for example, .04, it is hard to imagine a defense attorney who could not bring home to the jury the fact that the law presumes that his client was not under the influence.

¶ 21 Our conclusion is in accord with several other Arizona decisions that have already upheld the statute. *See State v. Gallow,* 185 Ariz. 219, 914 P.2d 1311 (App.1996); *Guerra,* 191 Ariz. 511, 958 P.2d 452 (App. 1998); *but see State v. Superior Court,* 173 Ariz. 447, 844 P.2d 614 (App.1992). We have chosen to address the issue again because the particular arguments the Defendant makes in this case were apparently not raised in *Gallow* and *Guerra.*

¶ 22 The order of the municipal court refusing to instruct the jury on the presumption provided for in A.R.S. section 28–692(E) is vacated, and this case is remanded to the trial judge for further proceedings.

CONCURRING: JAMES B. SULT, Presiding Judge, and WILLIAM F. GARBARINO, Judge.