NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TERRY LEE HAVER, *Appellant*.

No. 1 CA-CR 18-0604
FILED 7-18-2019

Appeal from the Superior Court in Maricopa County
No. CR2011-005364-001
The Honorable George H. Foster, Jr., Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

**P E R K I N S**, Judge:

¶1        Terry Haver appeals the trial court's restitution order arising from his June 2016 convictions for theft and forgery. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        We view the evidence in the light most favorable to upholding the trial court's restitution order. *State v. Leon*, 240 Ariz. 492, 494, ¶ 2 (App. 2016). In April 2016, a jury found Haver guilty of multiple counts of theft and forgery. After sentencing in June 2016, this Court affirmed Haver's convictions in December 2017 and remanded for recalculation of Haver's presentence incarceration credit. *See State v. Haver (Haver I)*, 1 CA-CR 16-0419, 2017 WL 6459789, *2, ¶ 13 (Ariz. App. Dec. 19, 2017) (mem. decision). The State sought restitution on behalf of four of Haver's victims. The trial court, after an evidentiary hearing, ordered Haver pay restitution totaling $199,393.64. Haver timely appeals from that July 2018 restitution order.

### DISCUSSION

¶3        The trial court has "wide discretion" in determining criminal restitution. *State v. Ellis*, 172 Ariz. 549, 551 (App. 1992). We therefore review the court's restitution order for abuse of discretion. *See State v. Lindsley*, 191 Ariz. 195, 197 (App. 1997) (we will uphold a restitution order "if it bears a reasonable relationship to the victim's loss").

¶4        In this appeal, Haver argues the State failed to present sufficient evidence to support the charges against him and, as a result, the trial court erred in denying the motion for acquittal he made under Arizona Rule of Criminal Procedure ("Rule") 20(a)(1). The trial court's ruling on a Rule 20 motion is directly appealable, however, and would have been properly before this Court in his prior appeal. *See Haver I*, 1 CA-CR 16-0419 at *2, ¶¶ 8, 12; Ariz. R. Crim. P. 31.2; *State v. Cannon*, 192 Ariz. 236, 238, ¶¶ 5–7 (direct appeal from trial court's ruling on a Rule 20 motion). Thus,

Haver's July 2018 notice of appeal could not serve as a timely appeal of his June 2016 convictions and sentences.

**¶5**  Haver waived any arguments he failed to raise regarding the propriety of his convictions and sentences in his prior appeal. *State v. Nirschel*, 155 Ariz. 206, 208 (1987) (failure to argue a claim generally constitutes waiver). In this subsequent appeal from the July 2018 restitution order, Haver cannot challenge the denial of his Rule 20 motion addressing the underlying criminal offenses. *State v. Youngblood*, 173 Ariz. 502, 504 (1993) ("All claims or issues arising out of the same nucleus of operative facts must be presented at the same time, or else they are precluded."). Moreover, we do not permit defendants to re-challenge their convictions in an appeal from restitution when we have previously affirmed those convictions. *See State v. Dann*, 220 Ariz. 351, 360, ¶ 26 (2009).

**¶6**  Haver has shown no error in imposing restitution as a result of his convictions.

## CONCLUSION

**¶7**  We affirm the trial court's restitution order.

