721 P.2d 676

The STATE of Arizona, Petitioner/Appellant,

v.

The SUPERIOR COURT OF PIMA COUNTY, the Honorable Gary Grynkewich, a Judge Pro Tempore thereof, Respondent/Appellee,

and

Wade C. HOBSON, Real Party in Interest.

No. 2 CA–CIV 5634.

Court of Appeals of Arizona, Division 2, Department A.

May 14, 1986.

Frederick S. Dean, Tucson City Atty. by R. William Call and Mary S. Finnerty, Tucson, for petitioner/appellant,

Stephen Paul Bernard, Tucson, for real party in interest.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from an order entered by the superior court in a special action. At issue is the application of the doctrine of collateral estoppel in a trial for violating A.R.S. § 28–692(B), driving with a blood alcohol content of .10 percent or over, after an acquittal of the charge of driving while under the influence of intoxicating liquor, A.R.S. § 28–692(A).

The real party in interest, Wade C. Hobson, was arrested and charged with violating A.R.S. § 28–692(A) and (B). He was tried in the Tucson City Court before a jury which acquitted him on the driving while under the influence charge but failed to reach a verdict on the .10 percent blood alcohol charge.

After the state made a motion to set a new jury trial, Hobson moved to dismiss the charge on the grounds of double jeopardy and collateral estoppel. The city magistrate denied the motion to dismiss; however, he barred the state from introducing any evidence of appellee's appearance, speech, driving or performance on field sobriety tests, and he ruled that the state could not offer into evidence appellee's testimony from the first trial.

The state then filed a special action in the superior court. The respondent judge pro tempore of the superior court, after a hearing, entered an order permitting the state to introduce prior testimony of Hobson, limited to how much he drank and the amount of time he spent drinking. The state was also permitted by this order to introduce the intoxilyzer results. The superior court affirmed the city's magistrate's order preventing the state from introducing evidence of the field sobriety test

results and Hobson's appearance, speech and driving. The state contends that the superior court erred in ruling that appellee's field sobriety test, appearance, speech, driving and former testimony are inadmissible in his trial on the charge of driving with a blood alcohol content of .10 percent or over.

In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the court held that collateral estoppel applies to a criminal prosecution as an element of double jeopardy. The court stated:

" 'Collateral estoppel' . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . .

The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.' . . . Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal." 397 U.S. at 443, 90 S.Ct. at 1194.

While *Ashe v. Swenson*, supra, states that the doctrine of collateral estoppel applies to "ultimate" facts, later federal cases make it clear that the doctrine is not limited to "essential" facts, in other words, those facts which are the sine qua non of conviction, but it also applies to those facts necessarily determined at the first trial. See *United States v. Mespoulede*, 597 F.2d 329 (2nd Cir.1979); *Wingate v. Wainwright*, 464 F.2d 209 (5th Cir.1972). Simply put, the state may not prove the new charges by asserting facts necessarily determined against it in the first trial. *United States v. Kramer*, 289 F.2d 909 (2nd Cir.1961).

The criminal statute which is at issue here is A.R.S. § 28-692(A) and (B):

"A. It is unlawful and punishable . . . for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

B. It is unlawful . . . for any person to drive or be in actual physical control of any vehicle within this state while there is 0.10 percent or more by weight of alcohol in the person's blood."

In *Anderjeski v. City Court of the City of Mesa*, 135 Ariz. 549, 663 P.2d 233 (1983), the court held that a defendant who is charged under both subsections (A) and (B) is not placed in double jeopardy. In order for the state to prove a person guilty under § 28-692(A) it must prove that the person was driving under the influence of intoxicants. A person is "driving under the influence" if his control of his vehicle is to the slightest degree affected by his consumption of the intoxicant. *Davis v. Waters*, 103 Ariz. 87, 436 P.2d 906 (1968). Under § 28-692(B) the state does not have to prove that the defendant's intoxication affected his ability to control his vehicle, but need prove only that he was driving with a blood alcohol content of .10 percent or more.

The defendant must carry the burden of proving that the fact finder in the first trial acquitted him because it resolved in his favor the very issue that he seeks to foreclose from consideration. *United States v. Mespoulede*, supra. Here, the city magistrate who ruled on appellee's motion was the same one who presided over the trial. The state has not

provided us, nor did it provide the superior court, with a transcript of the trial and we presume, in the absence of such transcript, that the evidence in the trial supports the action of the city magistrate. Cf. *Auman v. Auman,* 134 Ariz. 40, 653 P.2d 688 (1982); *Bryant v. Thunderbird Academy,* 103 Ariz. 247, 439 P.2d 818 (1968).

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.