788 P.2d 1203

**The STATE of Arizona, Appellee,**

v.

**William Vera NUNEZ, Appellant.**

**No. 2 CA–CR 88–0545.**

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 10, 1989.

Review Granted Dec. 7, 1989.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Jack Roberts, Phoenix, for appellee.

Jim D. Himelic, P.C. by Jim D. Himelic, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was convicted of negligent homicide, a dangerous nature offense, and was sentenced to a presumptive term of six years. On appeal, he contends the court erred in giving an instruction based on A.R.S. § 13–202(C), in denying his motion for a directed verdict, and in refusing to give an instruction based on *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964). We agree with appellant's first contention and reverse. Because of our disposition, we need not address the issue of the denial of appellant's motion for a directed verdict.

Appellant was charged with and tried on a charge of first-degree murder. The jury found him guilty of second-degree murder. The court granted his motion for new trial because of juror misconduct. At his second trial, he was acquitted of second-degree murder and manslaughter but was found guilty of negligent homicide. The court again granted him a new trial because of juror misconduct. This appeal follows appellant's third trial in which he was again found guilty of negligent homicide.

Appellant and his girlfriend had gone to the Brown Derby Bar in Tucson. Appellant went inside, and his girlfriend remained outside in her car. Appellant's dog followed him into the bar, and the bartender told him to remove the dog. As he was going out the door, appellant was accosted by a male who demanded money, made offensive remarks and kicked the dog when appellant told him to leave him alone. After an argument outside, appellant went back inside the bar and borrowed a knife from the bartender. He returned outside, again argued with the victim and eventually stabbed him once in the chest. The victim ran a couple of blocks to a trailer park, collapsed and died. Appellant re-

turned the knife to the bartender and left in his girlfriend's car.

Appellant gave several versions of what happened to the police and at trial testified to a somewhat different version. He testified that the victim had a knife and that he stabbed the victim in self-defense. The knife appellant used in the stabbing was found, but no knife was found on or near the victim.

## DOUBLE JEOPARDY AND COLLATERAL ESTOPPEL

■ A.R.S. § 13–202(C) provides in part as follows:

> If a statute provides that criminal negligence suffices to establish an element of an offense, that element also is established if a person acts intentionally, knowingly or recklessly.

Based on this statute, the court gave the following instruction:

> If acting negligently suffices to establish an element of the offense, that element is established if a person acts intentionally, knowingly or recklessly.

Appellant argues that the giving of that instruction violated his rights against double jeopardy and the rules of collateral estoppel and res judicata. Appellant correctly notes that in his first trial, the jury acquitted him of premeditation by convicting him of second-degree murder and that, by reason of his conviction for negligent homicide in his second trial, the jury necessarily acquitted him of the mental states of intentional, knowing, and reckless.

In *State v. Superior Court*, 150 Ariz. 18, 721 P.2d 676 (App.1986), this court held that the prosecution in a retrial of a driving under the influence case brought pursuant to A.R.S. § 28–692(B) could not introduce facts about the defendant's appearance, speech, driving or performance on field sobriety tests because he had been acquitted in a former trial of the charge filed pursuant to A.R.S. § 28–692(A). In determining that those facts were precluded by the doctrine of collateral estoppel, this court cited the case of *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), in which the Supreme Court held that collateral estoppel applies to a criminal prosecution as part of the Fifth Amendment guarantee against double jeopardy. In *Ashe*, the Court stated:

> 'Collateral estoppel' ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475.

■ The issue here is: could the trial court properly instruct the jury based on our statute, A.R.S. § 13–202(C), which allows the state to show negligence by showing some higher mental state, after the appellant was acquitted in a former trial of acting with those culpable mental states? We agree with appellant that it could not. Because appellant was acquitted of second-degree murder and manslaughter in his second trial, the jury in his third trial could only determine whether or not he was guilty of negligent homicide. Because of the previous acquittals, the only state of mind the jury could consider was negligence.

■ Because of the court's ruling that it would give the state's requested instruction, the prosecutor argued as follows:

> It was just a killing. It was just a knowing and intentional killing. Not even as low as negligent.
>
> \* \* \* \* \* \*
>
> Well, in this case the facts show that there was an intentional killing. It's not as low as negligent, it's intentional.
>
> \* \* \* \* \* \*

So the State has overproved its case. We haven't shown you that there was just negligence or just recklessness, we have shown you that the defendant, if he didn't act intentionally, he at least acted knowingly.

Those arguments were impermissible in light of appellant's previous acquittals, and they violated appellant's double jeopardy rights. His conviction, therefore, is re-

versed, and the case is remanded for a new trial on the charge of negligent homicide.

## FAILURE TO GIVE WILLITS INSTRUCTION

 Because the issue will likely arise in a new trial, we address appellant's complaint that the trial court refused to give his requested *Willits* instruction. After the victim was stabbed, he ran to a trailer that was rented by Arturo Tarazon. Tarazon gave a statement to an investigator that he had a knife in the trailer that was not there after the police left. Tarazon did not testify at trial. Several police officers testified they found no knife on the victim, in the trailer, or on his path from the bar to the trailer. Appellant concedes that Tarazon told an investigator that the victim did not have a knife when he came to the trailer. Appellant contends, however, that the police should have preserved the knife and that, because they failed to do so, he was entitled to a *Willits* instruction. In order to be entitled to a *Willits* instruction, a defendant must show 1) that the state failed to preserve material evidence that was accessible and that might have tended to exonerate him, and 2) that, as a result, he suffered prejudice. *State v. Leslie*, 147 Ariz. 38, 708 P.2d 719 (1985).

None of the witnesses to the crime, including appellant's girlfriend, saw a knife in the hands of the victim, and no other knife was found besides the knife used by appellant. Our review of the record thus shows that the court was correct in finding that appellant did not make a sufficient showing that he was entitled to a *Willits* instruction.

Reversed and remanded.

LIVERMORE, P.J., and LACAGNINA, J., concur.