877 P.2d 1351

STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Joseph D. Howe, a judge thereof, Respondent Judge,

Jeffrey L. STEEN, Real Party in Interest.

No. 1 CA–SA 94–0135.

Court of Appeals of Arizona, Division 1, Department A.

July 26, 1994.

Roderick G. McDougall, Phoenix City Atty. by Fred A. Bibeau, Asst. City Prosecutor, Phoenix, for petitioner.

Mark N. Weingart, Tempe, for real party in interest.

## OPINION

VOSS, Judge.

In this special action, the State asks us to overturn the superior court's order denying the State's appeal of the trial court's suppression of the Real Party in Interest's, Jeffrey L. Steen's (Steen's) breath test result in his retrial on the charge that he violated Ariz.Rev.Stat.Ann. (A.R.S.) section 28–692(A)(1).

For the reasons expressed below, we accept jurisdiction and grant relief.

## FACTS AND PROCEDURAL HISTORY

Close to midnight on the evening of October 23, 1992, Steen was stopped by a Phoenix police officer who had observed his driving. During this traffic stop, the officer asked Steen if he had anything to drink, to which Steen responded that he had drunk a couple of beers at the Suns game. The officer had Steen perform some field sobriety tests and thereafter arrested Steen and took him to the station where the officer questioned him further. The interrogation revealed that Steen had started drinking at 7:00 p.m. and had finished around 11:00 p.m. During that period, Steen drank both at the game and later at a restaurant. Steen admitted consuming a total of six beers and stated that he had last eaten at 7:00 p.m.

The arresting officer observed Steen for at least twenty minutes and then administered a breath test, which indicated that Steen had a 0.11 blood alcohol concentration (BAC). Steen was cited for violating A.R.S. sections 28–692(A)(1) (driving while under the influence of intoxicating liquor) and (A)(2) (having a BAC of 0.10 or more within two hours of driving) and released.

At a jury trial in Phoenix Municipal Court, Steen was acquitted on the section 28–692(A)(2) charge, but the jury hung on the charge of driving while under the influence. The trial court declared a mistrial on that charge and set it for retrial. Prior to the retrial, the municipal court judge granted Steen's motion to suppress the breath test result. The State appealed this order to the superior court before Judge Howe. Judge Howe denied the State's appeal and the State petitioned for special action relief.

## ISSUE

This case presents a single issue for our review: Should the jury's general verdict finding Steen not guilty of violating A.R.S. section 28–692(A)(2) collaterally estop the State from introducing Steen's breath test result on a retrial of the charge of violating A.R.S. section 28–692(A)(1)?

## DISCUSSION

The State argues that Judge Howe erred in denying its appeal of the trial court's order suppressing Steen's test result. The State contends the general verdict of acquittal on the charge under subsection (A)(2) did not create estoppel on the issue which Steen seeks to foreclose from consideration on retrial.

In order to collaterally estop the State from relitigating a point in a subsequent prosecution, a proponent must show that the particular fact he wishes to foreclose from consideration was necessarily adjudicated in the prior prosecution. *See State v. Superior Court (Hobson, Real Party in Interest),* 150 Ariz. 18, 20, 721 P.2d 676, 678 (1986) ("[T]he state may not prove the new charges by asserting facts necessarily determined against it in the first trial."). Here, Steen wishes to suppress the fact that he blew a 0.11 after being arrested. Thus, Steen must show that the jury's verdict in the prior case necessarily rejected that test result as invalid. Steen argues that the test result was invalidated by the jury because his acquittal represents a finding that his BAC never exceeded 0.10 at any time within two hours of driving. We disagree.

Section 28–962(A)(2), as revised in 1990, created the new offense of having a BAC of 0.10 or greater within two hours of driving. *Cacavas v. Bowen,* 168 Ariz. 114, 116–17, 811 P.2d 366, 368–69 (App.1991). Absent any affirmative defenses, defendant accused of this new offense will stand convicted if the State proves beyond a reasonable doubt that: (1) the defendant operated a motor vehicle at the time and place described in the complaint; (2) defendant's BAC was 0.10 or greater; and (3) items 1 and 2 occurred within two hours of each other. If, however, the defendant produces credible evidence that his blood alcohol at the time of driving was less than 0.10, the State must also prove beyond a reasonable doubt that the defendant had a BAC of 0.10 or greater at the time he was driving or in actual physical control of the vehicle. A.R.S. § 28–692(B) (Supp.1993).

Here, it is clear that Steen invoked the defense that his BAC was less than 0.10 at time he was driving. The jury was instructed that:

> Evidence has been presented, raising the issue of whether or not the Defendant's alcohol concentration was below a .10 at the time he was driving.... [Thus,] the element of the charge within two hours changes to at the time of driving.

Because the defense was raised, the issue to be decided by the jury was changed to whether or not Steen had a BAC of 0.10 or greater at the time he was driving. There is no question that Steen was driving; thus, the jury's verdict can only be interpreted as a finding that Steen's BAC was less than 0.10 at the time he was behind the wheel. Regardless of whether the jury reached its conclusion based on doubts regarding the accuracy of the breathalyzer, a belief that Steen was in the absorptive phase when tested, or any of the other factors listed by the State, the jury's verdict of not guilty implicitly stands for the adjudicated fact that Steen's BAC was less than 0.10 while he was driving.

The question is what estoppel effect this verdict has on Steen's retrial for driving under the influence. As stated above: "the state may not prove the new charges by asserting facts necessarily determined against it in the first trial." *State v. Superior Court,* 150 Ariz. at 20, 721 P.2d at 678. Thus, since the jury's prior verdict necessarily determined that Steen's BAC was less than 0.10 at the time he was driving, the State—in its effort to prove Steen was driving under the influence—may not assert at retrial that Steen's BAC was 0.10 or greater at the time he was driving.

This does not, however, preclude the State from introducing the result of the breath test at the retrial. That test result is not necessarily contradictory to the jury's verdict in the first trial. *See Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970) ("[A] court [must] 'examine the record ... and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' "). While it is true that the jury might have reached its verdict based on doubts as to the accuracy of the breath test (as argued by Steen), it is also possible that the jury (based on the expert testimony) believed Steen was in the absorptive phase when tested and concluded that Steen's BAC was something less than 0.10 while driving, but rose to 0.11 later. Thus, the jury could have believed the 0.11 test result and still found Steen not guilty without any inconsistency. Therefore,

the test result itself cannot be foreclosed by the jury's prior verdict and Judge Howe erred in suppressing it.

Based on the foregoing, we reverse the order denying the State's appeal. The State may introduce the test result and any other evidence (e.g., the horizontal gaze nystagmus (HGN) test) at retrial to show that Steen had alcohol in his system when arrested. The State, however, may not assert in any fashion that Steen had a 0.10 or higher BAC when driving. We leave it to the trial court to determine how best to ensure that assertions contrary to the previous jury's verdict are not made.

The case is remanded for further proceedings consistent with our decision.

EHRLICH, P.J., and LANKFORD, J., concur.