7 P.3d 148

**The STATE of Arizona, Appellee,**

v.

**Frank Leyvas RODRIGUEZ, Appellant.**

**No. 2 CA–CR 98–0599.**

Court of Appeals of Arizona, Division 2, Department B.

July 20, 2000.

**140**

Janet Napolitano, Arizona Attorney General By Paul J. McMurdie and Donna J. Lam, Tucson, Attorneys for Appellee.

Susan A. Kettlewell, Pima County Public Defender By Susan C.L. Kelly, Tucson, Attorneys for Appellant.

## OPINION

HOWARD, Presiding Judge.

¶ 1 Appellant Frank Leyvas Rodriguez challenges his conviction for aggravated driving under the influence of an intoxicant (DUI) with two prior DUI offenses within sixty months, claiming his prosecution and conviction are barred by collateral estoppel under the Double Jeopardy Clause.[1] We reject this argument and affirm because no jury had previously reached a decision on the conduct underlying Rodriguez's aggravated DUI conviction.

¶ 2 Rodriguez originally was charged with aggravated DUI with a suspended license and aggravated DUI with two prior DUI convictions within sixty months. In his first trial, the jury was unable to reach a verdict on either charge and the court declared a mistrial. In his second trial, the court instructed the jury that driving with a suspended license is a lesser-included offense of aggravated DUI with a suspended license. The court also instructed the jury, pursuant to *State v. LeBlanc*, 186 Ariz. 437, 924 P.2d 441 (1996), that it must use reasonable efforts to reach a verdict on the greater charge before considering the lesser. The jury notified the court that it had reached a verdict on the lesser offense of driving with a suspended license, but could not reach a verdict on the other charges; it ultimately found Rodriguez guilty of driving on a suspended license.[2] The court accepted that verdict and declared a mistrial on the charge of aggravated DUI with two prior DUI convictions. In his third trial, a jury found Rodriguez guilty of aggravated DUI with two prior DUI convictions. He was sentenced to a presumptive prison term of 4.5 years.

¶ 3 Rodriguez contends the conviction for driving on a suspended license in the second trial constituted an implied acquittal of aggravated DUI with a suspended license, a crime that here has a necessary element, driving under the influence of an intoxicant, in common with aggravated DUI with two prior DUI convictions. He reasons, therefore, that collateral estoppel under the Double Jeopardy Clause barred the state from attempting to prove that element in the third prosecution for aggravated DUI with two prior DUI convictions, thereby necessitating

---

1. U.S. Const. amend. V.

2. *But see State v. Brown*, 195 Ariz. 206, ¶¶ 6–8, 986 P.2d 239, ¶¶ 6–8 (1999) (driving on a suspended license not necessarily lesser-included offense of aggravated DUI on a suspended license).

a judgment of acquittal. We review de novo the question of whether double jeopardy applies. *Schiro v. Farley,* 510 U.S. 222, 232, 114 S.Ct. 783, 790–91, 127 L.Ed.2d 47, 58 (1994); *see Rivera v. Pugh,* 194 F.3d 1064, 1067 (9th Cir.1999); *cf. Garcia v. General Motors Corp.,* 195 Ariz. 510, ¶ 6, 990 P.2d 1069, ¶ 6 (1999) (availability of collateral estoppel reviewed de novo).

■■■■ ¶ 4 The Double Jeopardy Clause prohibits placing a person twice in jeopardy for the same criminal offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969), overruled in part on other grounds, *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *Taylor v. Sherrill,* 169 Ariz. 335, 338, 819 P.2d 921, 924 (1991).[3] It does not, however, prevent a retrial after the discharge of a jury that is unable to reach a verdict or after a properly declared mistrial. *Green v. United States,* 355 U.S. 184, 188, 78 S.Ct. 221, 224, 2 L.Ed.2d 199, 205 (1957); *McLaughlin v. Fahringer,* 150 Ariz. 274, 277, 723 P.2d 92, 95 (1986); see also *State v. Luzanilla,* 176 Ariz. 397, 401, 861 P.2d 682, 686 (1993), affirmed in relevant part, vacated in part on other grounds, 179 Ariz. 391, 880 P.2d 611 (1994) ("[R]etrial following a hung jury is simply a continuation of a single prosecution. . . .").

■■■■ ¶ 5 The prohibition against double jeopardy also incorporates collateral estoppel principles. *Ashe v. Swenson,* 397 U.S. 436, 443–45, 90 S.Ct. 1189, 1194–95, 25 L.Ed.2d 469, 475–76 (1970); *State v. Detrich,* 188 Ariz. 57, 62, 932 P.2d 1328, 1333 (1997). Collateral estoppel "bars the state from relitigating a question of fact that was determined in the defendant's favor by a partial verdict." *Luzanilla,* 176 Ariz. at 401, 861 P.2d at 686; see also *Detrich,* 188 Ariz. at 62, 932 P.2d at 1333. "The traditional elements of collateral estoppel are: the issue sought to be relitigated must be precisely the same as the issue in the previous litigation; a final decision on the issue must have been neces-

sary for the judgment in the prior litigation; [and] there must be mutuality of parties." *State v. Jimenez,* 130 Ariz. 138, 140, 634 P.2d 950, 952 (1981).

■■■■ ¶ 6 Collateral estoppel in criminal cases is not favored and is applied sparingly. *See Standefer v. United States,* 447 U.S. 10, 22–25, 100 S.Ct. 1999, 2007–09, 64 L.Ed.2d 689, 699–701 (1980). The defendant has the burden of showing that the issue he claims is barred was "actually decided" in the prior proceeding. *Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708, 719 (1990); see also *Schiro,* 510 U.S. at 233, 114 S.Ct. at 791, 127 L.Ed.2d at 59; *Luzanilla,* 176 Ariz. at 402, 861 P.2d at 687. In determining whether collateral estoppel applies, "the court must examine the record of the prior proceeding to ascertain whether the issue was necessarily decided there." *Luzanilla,* 176 Ariz. at 401, 861 P.2d at 686; see also *Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–76.

■■■■ ¶ 7 Collateral estoppel may arise from an implied acquittal—conviction of a lesser included offense—if that acquittal indicates the jury necessarily decided a relevant issue against the state. *Schiro,* 510 U.S. at 236, 114 S.Ct. at 792, 127 L.Ed.2d at 60–61; *Green,* 355 U.S. at 190–91, 78 S.Ct. at 225, 2 L.Ed.2d at 206. But "[t]he failure to return a verdict does not have collateral estoppel effect . . . unless the record establishes that the issue was actually and necessarily decided in the defendant's favor." *Schiro,* 510 U.S. at 236, 114 S.Ct. at 792, 127 L.Ed.2d at 60–61. *See also Ex parte Ziglar,* 675 So.2d 543, 546 (Ala.Crim.App.1996) (no collateral estoppel when trial ended in hung jury); *Prince v. State,* 304 Ark. 692, 805 S.W.2d 46, 49 (1991) ("[A] hung jury . . . is not the equivalent of acquittal for purposes of establishing former jeopardy or collateral estoppel to bar retrial."); *Ashe v. State,* 125 Md.App. 537, 726 A.2d 786, 791 (1999) (jurors' inability to agree on element of offense, thereby causing hung jury, was not affirmative finding that element did not exist). And, conviction

---

**3.** Rodriquez does not contend the state was prohibited from prosecuting him for both aggravated DUI with a suspended license and aggravated DUI with two prior DUI offenses in a single prosecution. *See* A.R.S. § 13–116; *see generally*

*State v. Campa,* 168 Ariz. 407, 814 P.2d 748 (1991); *Anderjeski v. City Court,* 135 Ariz. 549, 663 P.2d 233 (1983); *State v. Sheaves,* 155 Ariz. 538, 747 P.2d 1237 (1987).

of a lesser-included offense when the jury is instructed pursuant to LeBlanc is not necessarily an implied acquittal of the greater charge.[4] *State v. Harvey,* 193 Ariz. 472, ¶ 20, 974 P.2d 451, ¶ 20 (1998); *see also State v. Sawyer,* 227 Conn. 566, 630 A.2d 1064, 1075 (1993) (under "reasonable efforts" instruction, not clear that guilty verdict on lesser-included offense operates as implied acquittal of greater offense because unknown whether jury unanimously agreed to acquit on greater).

¶ 8 No Arizona case has decided whether a jury's stated inability to convict or acquit a defendant has collateral estoppel effect when the jury was instructed, pursuant to *LeBlanc,* that it could consider the lesser-included offense after making reasonable efforts to resolve the greater offense.[5] Here, the verdict on the lesser-included offense of driving on a suspended license was not necessarily an implied acquittal of the greater offense, *Harvey,* 193 Ariz. 472, ¶ 20, 974 P.2d 451, ¶ 20, and the jury's stated failure to agree on the greater charge was not a factual determination that Rodriguez was not driving under the influence of an intoxicant. *Schiro,* 510 U.S. at 236, 114 S.Ct. at 792, 127 L.Ed.2d at 60–61; *Ashe v. State,* 726 A.2d at 791. The jury's nondecision, therefore, did not carry collateral estoppel consequences. See *Schiro,* 510 U.S. at 233–36, 114 S.Ct. at 791–92, 127 L.Ed.2d at 59–61; *see also Dowling,* 493 U.S. at 350–51, 110 S.Ct. at 673, 107 L.Ed.2d at 719; *Detrich,* 188 Ariz. at 62, 932 P.2d at 1333; *Jimenez,* 130 Ariz. at 140, 634 P.2d at 952; *Luzanilla,* 176 Ariz. at 401–02, 861 P.2d at 686–87.

¶ 9 We note, moreover, that our supreme court stated in *LeBlanc* that it was not making a substantive change in the law. 186 Ariz. at 439, 924 P.2d at 443. We find nothing in *LeBlanc* indicating the court in-

tended to transform a jury's inability to decide a case into a binding factual determination. In short, we find no persuasive reason to extend collateral estoppel to a nondecision. *See State v. Johnson,* 155 Ariz. 23, 27, 745 P.2d 81, 85 (1987) ("[A] retrial before a new jury of an issue on which a former jury could not reach agreement does not violate double jeopardy principles."); *Lewis v. Warner,* 166 Ariz. 354, 357, 802 P.2d 1053, 1056 (1990) (dismissal of certain charges pursuant to guilty plea on another charge not a decision with collateral estoppel consequences). Thus, Rodriguez's third prosecution for aggravated DUI with two prior DUI convictions was not prohibited by collateral estoppel.

¶ 10 We affirm Rodriguez's conviction for aggravated DUI with two prior DUI convictions within sixty months and the sentence imposed.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, and WILLIAM E. DRUKE, Judge.

---

4. The state has conceded that it cannot retry Rodriquez for aggravated DUI with a suspended license because it would "clearly violate his double jeopardy rights." That issue, therefore, is not relevant here, and we need not decide whether, given the state's opportunity for a "full and fair adjudication of the charged offense" in the first two trials, *LeBlanc,* 186 Ariz. at 439, 924 P.2d at 443, the Double Jeopardy Clause would bar retrial on the greater charge after conviction of the lesser. *See State v. Mounce,* 150 Ariz. 3, 5, 721 P.2d 661, 663 (1986); *but see United States v.*

*Bordeaux,* 121 F.3d 1187, 1193 (8th Cir.1997); *United States v. Allen,* No. 98–CO–1580, 2000 WL 633248 (D.C. May 18, 2000).

5. Although Division One of this court decided a similar issue in *Ryan v. Arellano,* 296 Ariz. Adv. Rep. 43 (Ct.App. June 3, 1999), that opinion has been depublished by our supreme court and has no precedential value. Ariz. R. Sup.Ct. 111(c), (g), 17A A.R.S.; *State v. Ekmanis,* 183 Ariz. 180, 182, 901 P.2d 1210, 1212 (1995).