155 P.3d 1085

**STATE of Arizona, Appellee,**

v.

**Maria Esmeralda BARTOLINI, Appellant.**

**No. 1 CA–CR 05–1088.**

Court of Appeals of Arizona, Division 1, Department A.

April 24, 2007.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and John L. Saccoman, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Edith M. Lucero, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

GEMMILL, Judge.

¶ 1 Maria Esmeralda Bartolini was arrested for driving under the influence ("DUI") of intoxicating liquor. She was charged with DUI while impaired to the slightest degree in violation of Arizona Revised Statutes ("A.R.S.") section 28–1381(A)(1) (Supp.2006) ("DUI-impaired") and driving with a blood alcohol concentration ("BAC") of .08 or more within two hours of driving in violation of § 28–1381(A)(2) ("per se DUI").[1] The jury in her first trial found her guilty of DUI-impaired and not guilty of per se DUI. After the trial court granted a new trial on the DUI-impaired charge, Bartolini was retried for DUI-impaired and found guilty. She appeals, arguing that the trial court violated principles of double jeopardy and collateral estoppel when—even though she had been acquitted of per se DUI in the first trial—it admitted into evidence her BAC test results and instructed the jury on presumptions regarding impairment in accordance with A.R.S. § 28–1381(G). We affirm.

## BACKGROUND

¶ 2 On May 24, 2004, at about 1:00 a.m., Phoenix Police Officers stopped Bartolini after observing her vehicle drifting out of its lane. The odor of alcohol was detected on Bartolini's breath, and she had bloodshot watery eyes and slurred speech. Bartolini admitted having had two shots of tequila. After Bartolini failed certain field sobriety tests (including horizontal and vertical gaze nystagmus tests), she was arrested for DUI. Bartolini was thereafter taken to the police station, where she was administered several breath tests that produced results of .138 and .122 BAC.

1. Because her license was suspended when she was arrested for DUI, both offenses were charged as aggravated DUI under A.R.S. § 28–1383(A)(1) (Supp.2006). She was convicted of aggravated DUI-impaired, and no issue is raised on appeal regarding the "aggravated" aspect of the offense.

¶ 3 Bartolini was charged with DUI-impaired and per se DUI. She challenged the reliability of the BAC test results. At her first trial, she was found guilty of DUI-impaired but not guilty of per se DUI.[2] The trial court granted her a new trial on the DUI-impaired charge because it concluded that testimony regarding the vertical gaze nystagmus test should not have been admitted.

¶ 4 The State conceded that the acquittal on the per se DUI offense precluded retrial on that charge but continued its prosecution on the DUI-impaired charge.

¶ 5 Asserting the constitutional protection of double jeopardy and collateral estoppel, Bartolini moved to preclude evidence of her BAC test results at the retrial on DUI-impaired. The trial court denied the motion, and the test results were admitted at trial. Bartolini was again found guilty on the DUI-impaired charge. The trial court suspended sentencing and placed Bartolini on probation for three years with the condition that she serve a four-month prison term.

## ANALYSIS

¶ 6 Bartolini initially contends that the trial court violated the federal and state guarantees against double jeopardy by admitting evidence of her BAC test results at her retrial on the DUI-impaired charge. *See* U.S. Const. amend. V, XIV; Ariz. Const. art. 2, § 10. Specifically, she argues that her acquittal of per se DUI precludes the State by collateral estoppel under the Double Jeopardy Clause from introducing the BAC results at her second trial. Although this court generally reviews a trial court's ruling on the admissibility of evidence for abuse of discretion, *State v. Bronson*, 204 Ariz. 321, 324, ¶ 14, 63 P.3d 1058, 1061 (App.2003), the question whether double jeopardy applies in a given situation is reviewed *de novo*. *State v. Rodriguez*, 198 Ariz. 139, 141, ¶ 3, 7 P.3d 148, 150 (App.2000); *see also Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 513, ¶ 6, 990 P.2d 1069, 1072 (App.1999) (availability of collateral estoppel reviewed *de novo* ).

¶ 7 The Double Jeopardy Clauses in the United States and Arizona Constitutions prevent a second prosecution for the same offense after conviction or acquittal and bar multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 497–98, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *State v. Welch*, 198 Ariz. 554, 555, ¶ 6, 12 P.3d 229, 230 (App.2000). The prohibition against double jeopardy also incorporates the doctrine of collateral estoppel. *Ashe v. Swenson*, 397 U.S. 436, 443–45, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *see also State v. Detrich*, 188 Ariz. 57, 62, 932 P.2d 1328, 1333 (1997) ("Collateral estoppel in criminal cases is an 'integral part of the protection against double jeopardy guaranteed by the Fifth and Fourteenth Amendments.' ") (quoting *Harris v. Washington*, 404 U.S. 55, 56, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971)). Collateral estoppel in criminal cases, however, "is not favored and is applied sparingly." *Rodriguez*, 198 Ariz. at 141, ¶ 6, 7 P.3d at 150 (citing *Standefer v. United States*, 447 U.S. 10, 22–25, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980)). "[A] defendant has the burden of showing that the issue [s]he claims is barred was actually decided in the prior proceeding." *Id.* (citing *Dowling v. United States*, 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)).

¶ 8 In *Ashe*, the United States Supreme Court described collateral estoppel as follows:

"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

397 U.S. at 443, 90 S.Ct. 1189. Similarly, the Arizona Supreme Court has held that collateral estoppel requires that "the issue sought to be relitigated must be precisely the same as the issue in the previous litigation." *State v. Jimenez*, 130 Ariz. 138, 140, 634 P.2d 950,

---

**2.** The jury indicated they were unable to reach a verdict on the aggravated per se DUI charge but found Bartolini not guilty of the lesser-included per se DUI offense.

952 (1981); *see also Rodriguez,* 198 Ariz. at 141, ¶ 5, 7 P.3d at 150 (same).[3]

¶ 9 Collateral estoppel does not preclude the admission of Bartolini's BAC test results in her second trial because the issue of impairment is not the same as the issue of per se DUI in the first trial. The State is no longer prosecuting her for allegedly having a BAC of .08 or higher within two hours of driving—a violation of A.R.S. § 28–1381(A)(2). Instead, she was tried again for an alleged violation of A.R.S. § 28–1381(A)(1), which did not require the jury to determine beyond a reasonable doubt that Bartolini had a BAC of .08 or higher within two hours of driving. Her prior acquittal did not determine an ultimate issue in the present case. *See Dowling,* 493 U.S. at 348, 110 S.Ct. 668 (stating that the collateral-estoppel component of the Double Jeopardy Clause does not exclude in all circumstances "relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted"). At the retrial on the DUI-impaired charge, the court properly admitted the BAC results as evidence for the jury's consideration on the issue of impairment under A.R.S. § 28–1381(A)(1). *See State v. Klausner,* 194 Ariz. 169, 172–73, 978 P.2d 654, 657–58 (App.1998) (affirming use of BAC test results in DUI-impaired prosecution); *see also* Ariz. R. of Evid. 401 (defining "relevant evidence").

¶ 10 Bartolini further contends that because her BAC test results were rejected as unreliable by the first jury when it acquitted her on the per se DUI charge, the test results cannot be used in the retrial on the DUI-impaired charge. We might agree with this proposition if the acquittal on per se DUI constituted a jury determination that the BAC results were unreliable for any purpose. But the per se DUI acquittal establishes merely that the State did not prove beyond a reasonable doubt that Bartolini had a BAC of .08 or more within two hours of driving and that she cannot be retried on any

charge that requires such a finding. The BAC test results remain relevant and probative, however, on the issue of impairment. *See Dowling,* 493 U.S. at 348, 110 S.Ct. 668; *see also Sullivan v. State,* 235 Ga.App. 768, 510 S.E.2d 136, 139 (1998) (affirming admission into evidence of BAC test results in trial on impairment offense even though jury in first trial found defendant not guilty of per se DUI offense).

¶ 11 Additionally, Bartolini cites *State v. Superior Court (Hobson),* 150 Ariz. 18, 721 P.2d 676 (App.1986), for the proposition that the BAC test results should not have been admitted in the second trial. In *Hobson,* the defendant was charged with both DUI-impaired and per se DUI. At the first trial, the jury acquitted on DUI-impaired but failed to reach a verdict on per se DUI. *Id.* at 19, 721 P.2d at 677. On appeal following the retrial on the per se DUI charge, the court affirmed the exclusion of certain impairment evidence. For the following reasons, however, *Hobson* does not support Bartolini's position here. First, even though *Hobson* affirmed the exclusion of the impairment evidence in the retrial on the per se DUI charge, the converse does not follow. Evidence of BAC test results may in fact be probative regarding impairment. Second, the decision in *Hobson* was based primarily on the State's failure to provide a transcript of the proceedings below. *Id.* at 20–21, 721 P.2d at 678–79 ("Here, the city magistrate who ruled on appellee's motion was the same one who presided over the trial. The state has not provided us, nor did it provide the superior court, with a transcript of the trial and we presume, in the absence of such transcript, that the evidence in the trial supports the action of the city magistrate."). Third, *Hobson* pre-dates *Dowling.*

¶ 12 Having concluded that no error occurred when the trial court admitted the BAC test results in the second trial, we turn now to Bartolini's argument that the court erred when it instructed the jury in accor-

---

**3.** The State initially argues that double jeopardy and collateral estoppel cannot apply here because the retrial on the DUI-impaired charge is part of a continuing prosecution and there has been no termination of jeopardy. We do not reach this issue, however, because we resolve this appeal on other grounds.

dance with A.R.S. § 28–1381(G). The jury was instructed that it may presume a person is under the influence of intoxicating liquor if she has .08 BAC within two hours of driving.[4]

¶ 13 Bartolini did not object to this presumption instruction at trial. Our supreme court has explained that "defendants who fail to object to an error below forfeit the right to obtain appellate relief unless they prove that fundamental error occurred." *State v. Martinez*, 210 Ariz. 578, 580, n. 2, ¶ 4, 115 P.3d 618, 620 n. 2, (2005); *see also State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (fundamental error review "applies when a defendant fails to object to alleged trial error"). Accordingly, we review the giving of the presumption instruction for fundamental error.

■ ¶ 14 "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607. Bartolini fails on both requirements.

■ ¶ 15 According to Bartolini, instructing the jury that it may presume she was under the influence if she had a BAC of .08 or higher violated the collateral estoppel component of her double jeopardy protection because it allowed the second jury to reconsider what the first jury had already determined in her favor. We find no fundamental error here. Fundamental error is "rare" and is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* at 567, ¶ 19, 115 P.3d at 607. As already noted, the per se DUI acquittal means that the State did not prove beyond a reasonable doubt that Bartolini had a BAC of .08 or more within two hours of driving. *See supra* ¶¶ 9–10. The acquittal did not establish that Bartolini was not impaired at the time. Because the ultimate issue of impairment was not determined by the acquittal on per se DUI, the giving of the presumption instruction did not result in fundamental error in violation of Bartolini's constitutional protections against double jeopardy and collateral estoppel.

¶ 16 Furthermore, even if we were to assume that fundamental error occurred, Bartolini has not carried her burden of demonstrating prejudice from the jury instruction. The State's and Bartolini's expert criminalists both testified that people with BAC of .08 or higher are impaired. The presumption instruction merely told the jury the same information. There was no expert testimony to the contrary on this point. On this record, we would find insufficient prejudice to warrant reversal even if we found fundamental error.

¶ 17 We therefore conclude that no reversible, fundamental error occurred in the giving of the presumption instruction.[5]

---

4. The instruction given to the jury included the following:

   The amount of alcohol in the defendant's blood, breath or other bodily substance within two hours from the time of driving or being in actual physical control of a vehicle gives rise to the following presumptions:

   . . .

   three, if there was at that time 0.08 percent or more by concentration of alcohol in the defendant's blood, breath or other bodily substance, it may be presumed that the defendant was under the influence of intoxicating liquor.

5. At oral argument, the State also suggested that the presumption instruction could be upheld on the basis of the HGN results and expert testimony even if the instruction was not justified based on the BAC test results that were, to at least some extent, successfully questioned in the first trial. Specifically, the State referenced the evidence that Bartolini exhibited six out of six cues on the HGN test and the State's criminalist testified that a person exhibiting six HGN cues would, to a high degree of probability, have a BAC of .08 or higher. In light of *State v. Superior Court (Blake)*, 149 Ariz. 269, 280, 718 P.2d 171, 182 (1986), we decline to uphold the giving of the presumption instruction on this basis. In *Blake*, our supreme court held that HGN evidence may not be used, standing alone, to establish a person's BAC level. *Id.* at 279, 718 P.2d at 181. The court in *Blake* also stated that the statutory presumption that a defendant was under the influence of intoxicating liquor must rest on a chemical analysis of breath, blood, or urine, and "not on a BAC estimate based on nystagmus." *Blake*, 149 Ariz. at 279–80, 718 P.2d at 181–82. *See also State ex rel. Hamilton v. City Court of Mesa*, 165 Ariz. 514, 516–19, 799 P.2d 855, 857–60 (1990) (discussing limitations on use of HGN evidence).

## *CONCLUSION*

¶ 18 At Bartolini's retrial on the DUI-impaired charge, there was no error in the admission of the BAC test results nor was there any reversible error in the giving of the presumption instruction. Accordingly, Bartolini's conviction for aggravated DUI-impaired is affirmed.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge and DIANE M. JOHNSEN, Judge.