IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA ex rel. WILLIAM G. MONTGOMERY, Maricopa County Attorney, *Petitioner,*

*v.*

THE HONORABLE PHILIP ROGERS, Pro Tem Justice of the Peace of the SOUTH MOUNTAIN JUSTICE COURT, in and for the County of MARICOPA, *Respondent Justice of the Peace Pro Tem,*

THE HONORABLE JOHN R. DITSWORTH, Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of MARICOPA, *Respondent Judge*

JOSEPH CALVIN MORGAN, *Real Party in Interest.*

No. 1 CA-SA 15-0058

FILED 6-16-2015

Petition for Special Action from the Superior Court in Maricopa County
LC2014-000307-001 DT
The Honorable John R. Ditsworth, Judge

**JURISDICTION ACCEPTED, RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Petitioner*

Nesci & St. Louis, P.L.L.C., Tucson
By Joseph P. St. Louis
*Counsel for Real Party in Interest*

## OPINION

Presiding Judge John C. Gemmill delivered the opinion of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**G E M M I L L**, Judge:

**¶1** The State of Arizona filed a Petition for Special Action objecting to a jury instruction proposed by the Real Party in Interest Joseph Morgan and adopted in the underlying case by the South Mountain Justice Court. For the following reasons, we accept jurisdiction and grant relief.

## BACKGROUND

**¶2** On February 25, 2012, Morgan was stopped by police for suspicion of driving while under the influence of alcohol. A blood test indicated that Morgan's blood alcohol concentration ("BAC") was 0.17 percent within two hours of being in actual physical control of a vehicle. In June 2012, he was charged with three counts of driving or being in actual physical control of a vehicle while under the influence of alcohol ("DUI"): (1) impaired to the slightest degree, a Class 1 misdemeanor under Arizona Revised Statutes ("A.R.S.") section 28-1381(A)(1) ("DUI-impaired"); (2) DUI with a BAC of 0.08 percent or more, a Class 1 misdemeanor under A.R.S. § 28-1381(A)(2) ("*per se* DUI"); and (3) extreme DUI with a BAC of 0.15 percent or more, a Class 1 misdemeanor under A.R.S. § 28-1382(A)(1) ("extreme DUI"). In June 2013, a jury acquitted Morgan of extreme DUI, but was unable to reach a verdict on either of the other two charges.

**¶3** The State intends to retry Morgan on the first two charges: DUI-impaired and *per se* DUI. Prior to the retrial, Morgan moved to suppress the blood test result showing that his BAC was 0.17. Morgan argued that the jury's acquittal on extreme DUI "necessarily determined that the blood test did not demonstrate that he had a BAC over .15." The justice court denied the motion to suppress, but directed the parties to draft a limiting instruction regarding the proper use of evidence of the blood test result. Ultimately, the justice court adopted Morgan's proposed limiting instruction, ruling that the jury in the second trial would be instructed as follows:

> The Court has admitted a purported blood alcohol result of .170 in this case. That result has been admitted for the limited

purpose of helping you to determine whether the Defendant's blood alcohol concentration was in excess of .08% within two hours of him being in actual physical control of a motor vehicle, as a result of alcohol consumed before or while being in actual physical control of a motor vehicle.

It has been previously determined that this evidence does not prove beyond a reasonable doubt that the Defendant had an alcohol concentration of .15 or above within two hours of him being in actual physical control of a motor vehicle, as a result of alcohol consumed before or while being in actual physical control of a motor vehicle. You shall accept this determination as a fact.

¶4        The State filed a petition for special action in Maricopa County Superior Court, challenging the justice court's order adopting the limiting instruction. The superior court denied relief under the State's petition, ruling that the justice court may utilize the "previously prepared" limiting instruction. The superior court also granted the State's motion to stay the retrial, to allow the State to file a special action with this court.

## SPECIAL ACTION JURISDICTION

¶5        Special action review, rather than appellate review, of a special action decided by a superior court is appropriate when there is no equal or adequate remedy on appeal. Ariz. R.P. Spec. Act. 8(a); *see also Stant v. City of Maricopa Emp. Merit Bd.*, 234 Ariz. 196, 200, ¶ 12 (App. 2014) (explaining that Rule 8 "gives our court procedural flexibility to expedite our review of a superior court's special action decision, either by processing the case as an ordinary appeal, a modified appeal, or a special action"). This court's decision to accept special action jurisdiction is discretionary, and the exercise of jurisdiction is appropriate when the issue involved is one of law and of statewide importance. *See Andrade v. Maricopa Cnty. Super. Ct.*, 183 Ariz. 113, 115 (App. 1995).

¶6        Here, if the jury is erroneously instructed as to the reliability of the BAC test, the State has no adequate remedy by appeal. Moreover, whether this intended jury instruction is appropriate is a question of law and does not turn on the resolution of disputed facts. For these reasons, and in the exercise of our discretion, we accept special action jurisdiction to address the substantive question presented.

¶7          When reviewing a special action initiated in a superior court, we conduct a two-part review. *Hamilton v. Mesa Mun. Ct.*, 163 Ariz. 374, 377 (App. 1989). First, we consider whether the superior court erred in accepting jurisdiction, and second, we consider the superior court's decision on the merits. *Id.* We conclude that the superior court did not abuse its discretion by accepting jurisdiction in the special action below. Accordingly, we now consider the merits of the superior court's decision.

## DISCUSSION

¶8          The State argues that the superior court erred when it upheld the justice court's ruling adopting Morgan's proposed jury instruction. We review a court's decision to adopt a particular jury instruction for an abuse of discretion, *State v. Johnson*, 205 Ariz. 413, 417, ¶ 10 (App. 2003), and review *de novo* whether a jury instruction correctly states the law, *State v. Morales*, 198 Ariz. 372, 374, ¶ 4 (App. 2000). Because the jury's acquittal on the extreme DUI charge did not constitute a judicial determination that the blood test result was unreliable, we conclude that the proposed limiting instruction contains incorrect statements of law and fact.

¶9          This court's decision in *State v. Bartolini*, 214 Ariz. 561, 564, ¶ 10 (App. 2007), is instructive here. In *Bartolini*, we held that collateral estoppel principles did not preclude the State from introducing BAC results in a DUI retrial following an acquittal. *Id.* There, the defendant was charged with DUI-impaired and *per se* DUI. *Id.* at 563, ¶ 3. As evidence, the State introduced BAC results from two breathalyzer tests. *Id.* at 562, ¶ 2. The jury in the initial trial found Bartolini guilty of DUI-impaired and not guilty of *per se* DUI. *Id.* at 562, ¶ 1. The court thereafter granted a new trial on DUI-impaired, finding evidence regarding the vertical gaze nystagmus test should not have been admitted. *Id.* at 563, ¶ 3.

¶10          Facing a second trial on the DUI-impaired charge, Bartolini argued—as Morgan argues here—that the acquittal on the *per se* DUI charge constituted a determination that the BAC test result was "unreliable." *Id.* at 564, ¶ 10. This court disagreed:

> Bartolini further contends that because her BAC test results were rejected as unreliable by the first jury when it acquitted her on the per se DUI charge, the test results cannot be used in the retrial on the DUI-impaired charge. We might agree with this proposition if the acquittal on per se DUI constituted a jury determination that the BAC results were unreliable for

> any purpose. But *the per se DUI acquittal establishes merely that the State did not prove beyond a reasonable doubt that Bartolini had a BAC of .08 or more within two hours of driving* and that she cannot be retried on any charge that requires such a finding. The BAC test results remain relevant and probative, however, on the issue of impairment.

*Id.* (emphasis added).

**¶11** Consistent with the reasoning of *Bartolini*, we conclude that Morgan's acquittal was not a judicial determination that the BAC test result was unreliable.[1] *See id.* The acquittal could have resulted from jury concerns about the accuracy of the BAC test result or from other discretionary considerations unrelated to the accuracy or reliability of the test result. Although we cannot know with certainty why the jury acquitted Morgan of extreme DUI, in our view the only fact established by its acquittal was that the State did not prove beyond a reasonable doubt that Morgan had a BAC of 0.15 or above within two hours of being in actual physical control of a motor vehicle.

**¶12** Based on the constitutional protection against double jeopardy, the first jury's acquittal precludes the State from retrying Morgan on the charge of extreme DUI. In the second trial, however, the State is not attempting to convict Morgan of DUI with a BAC of 0.15 or higher. That the jury *may* have discounted the probative strength of the 0.17 BAC test result in the first trial does not conclusively establish that the test result is suspect or unreliable for the purpose of proving charges distinct from that of extreme DUI. *See Bartolini*, 214 Ariz. at 564, ¶ 10. The State is not precluded from introducing evidence of the blood test result in support of the distinct charges of DUI-impaired and *per se* DUI.

**¶13** The justice court correctly rejected Morgan's argument that collateral estoppel applied to preclude altogether the admission of the blood test result at the second trial. *See State v. Rodriguez*, 198 Ariz. 139, 141, ¶ 7 (App. 2000) (explaining that collateral estoppel applies only when an

---

[1] We disagree with Morgan that *State ex rel McDougall v. Maricopa County Superior Court*, 179 Ariz. 295 (App. 1994), should control the outcome here. *McDougall* allowed the use of previously admitted evidence so long as it was not offered to contradict the results of a prior verdict. 179 Ariz. at 298. The State does not seek to contradict the first verdict here, because it intends to re-try Morgan on the two separate and distinct charges that were not resolved by the first jury.

issue litigated in the second trial is exactly the same as an issue "necessarily decided in the defendant's favor" in the first trial (quoting *Schiro v. Farley*, 510 U.S. 222, 236 (1994))). But the court erred when it determined that a limiting instruction informing the second jury of the first trial's result was appropriate. We recognize that jury instructions describing the results of prior judicial proceedings have been upheld when they "merely informed the jury of an uncontroverted fact." *See Barrett v. Samaritan Health Servs., Inc.*, 153 Ariz. 138, 143 (App. 1987). But it is not an uncontroverted fact that, by acquitting, the jury in the first trial deemed the blood test result unreliable. Whatever evidence Morgan used in the first trial to undermine the test result may again be relevant and persuasive, but the jury should not be instructed that the result of the first trial has any bearing on the evidence presented in the second.

¶14    Accordingly, the proposed jury instruction contains both incorrect and irrelevant information. It is legally erroneous to instruct the jury that the 0.17 BAC result is now tarnished or unreliable. In the second trial, the result of the first trial—on a separate charge—is irrelevant. For these reasons, the proposed instruction is erroneous as a matter of law.

## CONCLUSION

¶15    The limiting instruction proposed by Morgan misstates the law and may not be submitted to the jury. The BAC test result is admissible upon proper foundation, as if the first trial had not occurred. No limiting instruction is needed. This court accepts special action jurisdiction and grants relief by vacating that portion of the justice court's order adopting the limiting instruction. We also vacate the superior court's order denying relief and approving the proposed limiting instruction.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama